C. A. SKIPPER v. DOYLE SCHUMACKER, as Sheriff of High-
lands County.

160 So. 357.
Division A.
Opinion Filed March 23, 1933.
Rehearing Denied April 10, 1935.

*W. D. Bell,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Defendant in Error.

DAVIS, J.—C. A. Skipper, as petitioner below, was denied a writ of habeas corpus and prosecutes this writ of error from the final judgment of the Circuit Court refusing to issue the writ of habeas corpus applied for and refusing to allow a writ of error to the judgment complained of. The writ of error now before us was allowed by the Chief Justice of the Supreme Court pursuant to Section 5444 C.

G. L., 3580 R. G. S., in order that the controversy here involved might be presented for review, the question of law implied in the ruling of the Circuit Court not having been heretofore adjudicated in this State.

The petition for habeas corpus, omitting the exhibits attached to it, was as follows:

"To HONORABLE W. J. BARKER, JUDGE OF THE ABOVE NAMED COURT:

"Your petitioner, C. A. Skipper, represents that he was indicted, tried, convicted and sentenced in the above named court, and is now held under a commitment to the State Prison for the term of three years, for the offense sought to be defined by Sec. 1 of Chapter 5160, Acts of 1903, being Sec. 5146, Revised General Statutes of Florida, being Sec. 7247, Compiled General Laws of Florida, 1927.

"True copies of each said indictment, judgment and sentence, are hereto attached and made part hereof as if set forth herein *haec verba,* and designated as exhibits A and B, respectively.

"Section 7247, Compiled General Laws aforesaid, is as follows:

" 'If any officer, agent, clerk, servant or member of incorporated company, or if any officer, clerk, servant, agent or member of any co-partnership, society or voluntary association, or if any clerk, agent or servant of any person, embezzles or fraudulently disposes of, or converts to his own use, or takes or secretes with intent so to do anything of value which has been entrusted to him, or has come into his possession, care, custody or control by reason of his office, employment or membership, he shall be punished as if he had been convicted of larceny.'

"Your petitioner further represents with regard to said statute under which he was convicted and is now held:

"1.   No penalty is prescribed therein.

"2.   It does not disclose whether the offense denounced therein is a misdemeanor or a felony.

"3.   The guilt of one charged under said statute is not made to depend upon the extent of value of the thing converted or embezzled, as the offense is completed upon the conversion or embezzlement of anything of value, whether such value be great or small.

"4.   It does not divide the offense into grades or degrees, such as grand or petit embezzlement.

"5.   It provides that one who violates its provisions shall be 'punished as if he had been convicted of larceny,' and does not point out the particular kind of larceny referred to, nor point out the statute containing such penalty so that it may be ascertained.

"Therefore, petitioner says the statute, his indictment, trial, conviction, sentence and commitment thereon, and his detention thereunder are illegal; and he cites said statute and calls the validity of the same in question because it is repugnant to Section 1 of Article XIV, Amendments to the Constitution of the United States, in that it deprives him of his liberty without due process of law.

"Petitioner further says that the said statute did not define nor the said indictment charge him with the commission of a felony; and the court did not adjudge him to be guilty of a felony, as will more fully appear by the copy of the judgment hereto attached and designated exhibit B.

"Petitioner further says that the indictment, judgment, sentence and commitment are all void by reason of the void statute upon which the accusation was based.

"Petitioner further says that he is being unlawfully held and detained by Honorable Doyle Schumacher, Sheriff of Highlands County, upon said commitment issued upon such

void judgment, and that said commitment is for the purpose of carrying out the void sentence and to commit your petitioner to imprisonment in the State Prison at hard labor for the term of three years.

"The premises considered, your petitioner prays that a writ of habeas corpus may be issued in his behalf directed to the said Doyle Schumacher as Sheriff of Highlands County aforesaid, or to whomsoever may hold him by reason of said commitment commanding him or them to have your petitioner before this court instanter, together with the date and cause of his detention; and that your petitioner be discharged.

"C. A. SKIPPER,
*"Petitioner."*

It thus appears that the object of the writ of habeas corpus applied for in the court below was to again bring in question in the Circuit Court the validity of the judgment of conviction of petitioner which judgment was affirmed by the Court in Skipper v. State, 114 Fla. 312, 153 Sou. Rep. 853 (appeal to U. S. Supreme Court dismissed, 55 Sup. Ct. Rep. 76, 79 L. Ed. ......) and thereby adjudicated to be valid and subject to enforcement as such.

The writ of habeas corpus is a writ of right in the enlarged sense of the term, but it does not issue as of course in every instance. Reasonable grounds must be shown to exist for awarding it, *and if it appears on the face of the petition* that the applicant for it is lawfully held and would only be remanded, the writ should be denied when applied for in the first instance. The writ of habeas corpus is a writ of right only when some showing is made duly entitling the applicant to the use of the writ. *Ex parte* Amos, 93 Fla. 5, 112 Sou. Rep. 289; Lee v. Van Pelt, 57 Fla. 94, 48 Sou. Rep. 632; Haile v. Gardner, 82 Fla. 355, 91 Sou.

Rep. 376; Frederick v. Rowe, 105. Fla. 193, 140 Sou. Rep. 915; State, *ex rel.* Davis v. Hardie, 108 Fla. 133, 146 Sou. Rep. 97.

In the present case the writ of habeas corpus was applied for by a petition which showed on· its face that the applicant for the writ had been duly indicted, tried, adjudged guilty and sentenced to State Prison in the Circuit Court, whose judgment of conviction had been duly reviewed and affirmed by the Supreme Court.

A judgment of the Circuit Court, when appealed from to the Supreme Court, becomes merged in the judgment of affirmance rendered by the Supreme Court if the judgment appealed from is affirmed, and all questions raised by the assignments of error and all questions that might have been so raised are to be regarded as finally adjudicated against the appellant and the judgment itself regarded as free from all error, including errors going to the jurisdiction of the court of first instance over the appellant's person. People, *ex rel.,* v. Superior Court of Cook County, 234 Ill. 186, 84 N. E. Rep. 875, 14 Ann. Cas. 753; Roach v. Privett, 90 Ala. 391, 7 Sou. Rep. 808, 24 A. S. R. 819.

While a judgment of a reviewing court of general jurisdiction affirming a judgment of a court *a quo* which itself had no jurisdiction over the *subject matter* of an affirmed cause would be void to the same extent that the judgment appealed from was void for want of jurisdiction of ·the court *a quo* over the subject matter since an appeal cannot *per se* confer jurisdiction over the subject matter that the court *a quo* did not possess (Moore v. Hillebrant, 14 Texas 312, 65 Am. Dec. 118; Horan v. Wahrenberger, 9 Texas 313, 58 Am. Dec. 145), the appellate court's judgment of affirmance in such cases can only be moved against in the appellate court. This is so because an appellate court of

last resort, by virtue of its superior appellate jurisdiction when attempted to be exerted, does acquire an abstract jurisdiction over the controversy sufficient to remove the whole proceedings from the court *a quo* for decision by the appellate court, and thereby to merge the void judgment of the court *a quo* into a judgment of the reviewing court which, though itself void for want of the court *a quo's* jurisdiction over the subject matter, can only be assailed in a court having jurisdiction to decide that it is so void.

Since no inferior court has authority to decide that an appellate court's jurisdiction has not properly attached or been lawfully exercised in a particular case that such appellate court has actually undertaken to decide and has deliberately decided, it follows that the remedy for relief against an appellate court's unlawful exercise of its appellate powers lies either in such appellate court itself or in a court of superior jurisdiction to it.

Even though a judgment is void, it may be reviewed on writ of error and reversed. Columbia Natl. Sand Dredging Co. v. Morton, 28 App. Cas. (D. C.) 288, 8 Ann. Cas. 512. But the better practice in cases where a judgment is claimed to be void is to move to vacate such void judgment in the court wherein the alleged void judgment was rendered. This practice is permissible because every court, whether possessed of original or appellate jurisdiction, is vested with inherent power to vacate its own orders, judgments or decrees, if void, and indeed, every such court is in duty bound to do so when appropriate procedure is invoked for that purpose. De la Montanya v. De la Montanya, 112 Cal. 101, 44 Pac. Rep. 345, 53 A. S. R. 165, 32 L. R. A. 82.

In the present case the petition for writ of habeas corpus demonstrated that a judgment of conviction of petitioner Skipper had been duly rendered by a Circuit Court which,

being a court of general jurisdiction, was possessed of unquestionable jurisdiction over the subject matter, namely, the duly returned indictment and criminal accusation specified therein. It also appeared from the record that the trial court had jurisdiction of the person of the accused, who was shown at all times to have been present at his trial. Therefore, when the Supreme Court in due course affirmed the Circuit Court's judgment of guilt, together with the Circuit Court's sentence of law imposed on defendant Skipper pursuant thereto, the Circuit Court's judgment became merged thereby into a judgment of the Supreme Court.

So by virtue of the affirmance of the Circuit Court's judgment by the Supreme Court, the Supreme Court of Florida alone, or some court of superior jurisdiction over it, became vested with exclusive authority to modify, vacate or set aside such affirmed judgment of conviction, whether on original habeas corpus or by other appropriate procedure. Hence the refusal of the Circuit Court of Highlands County to issue its writ of habeas corpus in this case for the purpose of disturbing the custody of the accused who appeared to be detained solely by virtue of the affirmed judgment of the Circuit Court and its lawful commitment issued pursuant thereto, was correct.

Whenever it is made to appear to an inferior court that a person is being held in custody under lawful process issued for the execution of a judgment of the Supreme Court, it becomes the duty of such inferior court to remand the prisoner where no cause for his discharge is alleged other than a complaint in the nature of a collateral attack on the appellate court's judgment, which judgment must be allowed to stand and be enforced until moved against either in the Supreme Court or in some Federal Court

having jurisdiction to interfere with its being carried into effect.

Affirmed.

WHITFIELD, C. J., and BROWN, J., concur.

ELLIS, P. J., and TERRELL and BUFORD, J. J., concur in the opinion and judgment.