LEWIS WATERMAN v. E. G. CUNNINGHAM as Sheriff of Pinellas County.

166 So. 469.
Division B.
Opinion Filed March 3, 1936.

*Joseph W. Nichols,* for Petitioner;

*Cary D. Landis,* Attorney General, and *Roy Campbell,* Assistant, for Respondent.

BUFORD, J.—This is an original proceeding in habeas corpus.

The petitioner was on November 7th, 1934, put on trial

and on the 9th day of November, 1934, was convicted of the offense of murder in the first degree with recommendation to mercy.

The petitioner contends that the indictment was returned on the 25th day of October, 1934, at a time when no term of the Circuit Court was in session in Pinellas County and that, therefore, the indictment is a nullity and that the defendant was tried when no regular or special term of the Circuit Court was in session. Both contentions are without merit.

The record shows that the Spring Term of the Circuit Court convened on May 1, 1934; that on May 10th, the following entry was made in the Minutes of the Circuit Court of Pinellas County:

"Spring Term, 1934.                    "May 10, 1934.

"The Grand Jury at this time filed their 'General Presentment,' which was read in open Court by the Clerk and was ordered filed in the records of the Court after which it was ordered that the Grand Jury be recessed subject to being recalled by this Court at any time when found to be necessary during the Spring Term."

On May 11th, 1934, the following order was entered:

"The Grand Jury at this time filed their 'General Presentment,' which was read in open Court by the Clerk and was ordered filed in the records of the Court, after which it was ordered that the Grand Jury be recessed subject to being recalled by this Court at any time when found to be necessary during the Spring Term."

On May 14th, 1934, the following order was made:

"The regular Spring Term of the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County reconvened at 9 o'clock A. M., this date, pursuant to adjournment taken on May 11, with the Hon. John U. Bird,

one of the duly constituted and acting judges of said Court, present and presiding. Oother Court officials present were C. M. Nelson, Deputy Clerk, E. G. Cunningham, Sheriff, Chester B. McMullen, State Atttorney. Court was regularly opened by proclamation of E. G. Cunningham, Sheriff."

On June 1st the following order was entered:

"The Spring Term of the Circuit Court in and for Pinellas County, Florida, adjourned at this time subject to being reconvened by order of the Court at any time deemed to be necessary."

On October 15 1934, the following order was entered:

"The Grand Jury duly empanelled and sworn to inquire and true presentment make in and for the body of the County of Pinellas, State of Florida, at the Spring Term of Circuit Court, A. D. 1934, in and for the Sixth Judicial Circuit of Florida, Circuit Court of Pinellas County, having temporarily finished their labors and been recessed by this Court, under date of May 11, 1934, subject to being reconvened during the Spring Term of said Court for the purpose of making further investigation and reporting certain matters; and

"It now being brought to the attention of the Court by Honorable Chester B. McMullen, State Attorney for the Sixth Judicial Circuit of Florida, that there are several matters pending which have accumulated since the said Grand Jury was recessed which need to be investigated and finally disposed of by the Grand Jury and the Court, and which in the opinion of this Court should be investigated and reported upon by said Grand Jury, it being within the province of this Court and legal in every particular for said Grand Jury to be reconvened during the same Term of said Court to continue its investigations or to make further investigations and this Court deeming it to be to the best

interests of the State of Florida as well as those charged with law violations for said Grand Jury to be reconvened after the recess taken,

"It Is, THEREFORE, CONSIDERED AND ORDERED That Alex Campbell, as Foreman, N. L. Lihou, as Clerk, Wm. Leslie Moore, Harry A. Marden, Roy J. Ballantine, E. J. Armstrong, John Kelly, A. C. Wilson, L. Foster, C. J. Mulvihill, J. H. Young, I. L. Hess, Geo. L. R. Legg, A. S. Smith, A. D. Fulford, Henry M. George, W. R. Campbell and T. J. Hannon composing said Grand Jury for the Spring Term A. D. 1934, be and they are hereby required to reconvene at nine o'clock A. M. Tuesday, October 23, 1934, for the purpose of continuing their labors and to diligently inquire and true presentment make to this Court of all such matters and things as shall be brought to their attention or given them in charge.

"It is further considered and ordered that the Sheriff of Pinellas County serve notice on each of said Grand Jurors, notifying them of the contents of this Order.

"DONE AND ORDERED, at Clearwater, Florida, this the 15th day of October, A. D. 1934.

"T. FRANK HOBSON
"Judge."

The following entry appears in the Circuit Court Minutes of October 23rd, 1934:

"October 23, 1934.    Clearwater, Florida.

"Spring Term, 1934.

"The regular Spring Term of the Circuit Court of the Sixth Judicial Circuit of Florida, in and for Pinellas County, reconvened, at 9 o'clock A. M. this date, pursuant to adjournment taken on May 11, 1934 with the Hon. John U. Bird, one of the duly qualified and acting judges of said

Court, present and presiding. Other Court officials present were A. G. McQuagge, Deputy Clerk, C. M. Nelson, Deputy Clerk, Cecil V. Tucker, Deputy Sheriff, Chester B. McMullen State Attorney, and B. E. Satterfield, Official Court Reporter. Court was regularly opened by proclamation of Cecil V. Tucker, Deputy Sheriff.

"The Grand Jury heretofore empanelled and sworn to inquire and true presentment make in and for the body of Pinellas County, reconvened at 9 o'clock A. M., this date, pursuant to order of this Court, duly entered in Minutes of Circuit Court and recorded in Minutes of this Court in Volume No. 21 at page 197, for the purpose of making further inquiries into such matters and things which might be given them in charge.

"Upon roll call the following jurors answered to their names in the jury box, to-wit:

| | |
|---|---|
| Alex Campbell, Foreman. | C. J. Mulvihill. |
| N. L. Lihou, Clerk. | J. H. Young. |
| Wm. Leslie Moore. | I. L. Hess. |
| Harry A. Marden. | Geo. L. R. Legg. |
| Roy J. Ballantine. | A. A. Smith. |
| E. J. Armstrong. | A. D. Fulford. |
| John Kelly. | Henry M. George. |
| A. C. Wilson. | W. R. Campbell. |
| L. Foster. | T. J. Hannon. |

"The Judge briefly charged the Grand Jury concerning their duties, after which Jos. N. Russell was called into open Court and sworn in as Bailiff to the Grand Jury.

"The Grand Jury retired at this time in charge of their sworn bailiff to go about their duties.

"Court adjourned at 5 o'clock P. M. this date, until 9 o'clock A. M. Wednesday, October 24, 1934."

The record shows that the indictment under which Petitioner was tried was returned unto Court and filed on October 25th, 1934, of which the following entry was made in the Minutes:

"GRAND JURY ORDER.

"Now at this time comes the Grand Jury into open Court in charge of their sworn bailiff and after answering to their names in the jury box returned the following bills of indictment, each having been signed by Chester B. McMullen, State Attorney for the Sixth Judicial Circuit of Florida, and having endorsed thereon 'A True Bill, Found Spring Term A. D. 1934, Alex Campbell, Foreman of the Grand Jury.'

"State of Florida v. Ernest Hooker.

"Assault with Intent to Murder."

"State of Florida v. Lewis Waterman and Mary Williams, alias Mary Waterman.

"Murder in the First Degree."

On the same day the following order was entered:

2120 Ct. Cr.

"State of Florida v. Lewis Waterman and Mary Williams, alias Mary Waterman.

"Murder in the First Degree."

"The defendants, Lewis Waterman and Mary Williams, alias Mary Waterman, each upon being arraigned in open Court on the above indictment enter pleas of not guilty to the charges contained therein.

"It is thereupon considered and ordered that this case be and the same is hereby set for trial at 9 o'clock A. M., November 7, 1934."

Pursuant to that Order, Petitioner was tried and convicted.

The record shows that while the word "adjournment" was used in orders which recessed the Spring Term of the Circuit Court from time to time, such orders did not constitute an adjournment of the Term *Sine Die,* but only constituted an adjournment temporarily, or a recess of the Term until such time as the Court might reconvene the same.

The record shows conclusively that the judges entering the several orders at all times had in mind the fact that the business of that Term of the Court had not been completed and that it would be necessary to take up that business at a later date.

When the Grand Jury was recalled and the Court reconvened in October, 1934, there followed proceedings in the Spring Term of the Circuit Court of Pinellas County.

The Petitioner should be remanded to the custody of the Sheriff to be dealt with according to law.

It is so ordered.

ELLIS, P. J., and TERRELL, J., concur.

WHITFIELD, C. J., and BROWN, J., concur in the opinion and judgment.

DAVIS, J. (concurring specially).—I think the special statute applicable to the Sixth Judicial Circuit, Chapter 12265, Acts of 1927, authorized the particular procedure followed in this case. Furthermore I think the proceedings if invalid are not subject to collateral attack by habeas corpus after a writ of error has been taken and judgment against accused affirmed by the Supreme Court. See: Skipper v. Schumacker, 118 Fla. 867, 160 Sou. Rep. 357. The judgment against Petitioner in this case was affirmed by the Court October 16, 1935. See: Waterman v. State, 121 Fla. 244, 163 Sou. Rep. 569.

BROWN and BUFORD, J. J., concur.