STATE, *ex rel.* CURTIS HAMILTON, v. NATHAN MAYO, as State Prison Custodian, and L. F. CHAPMAN, State Prison Superintendent.

167 So. 34.

Opinion Filed March 30, 1936.

*Lester Summersill,* for Petitioner.

DAVIS, J.—This is an application for habeas corpus addressed to this Court by a prisoner incarcerated in the State Prison. Attached to the petition for the writ are copies of

the court proceedings under which petitioner was committed to serve a sentence of two years for the offense of feloniously receiving stolen property of the value of more than fifty dollars. Since petitioner is proceeding without the aid of counsel, we will dispose of the merits of the case absent the formal issuance and return of a writ of habeas corpus, the rule being well settled that where an application for writ of habeas corpus is made to this Court and the petition shows on its face that the alleged detention complained of is in conformity to a valid conviction and sentence, the writ itself may be denied on the face of the showing made, since no useful purpose would be served by the issuance of a habeas corpus that would merely result in a remand of the prisoner to custody under the circumstances relied on for relief by such process. Lee v. Van Pelt, 57 Fla. 94, 48 Sou. Rep. 632; State, *ex rel.* Davis, v. Hardie, 108 Fla. 133, 146 Sou. Rep. 97; Shipper v. Schumacker, 118 Fla. 867, 160 Sou. Rep. 357.

The record shows that the petitioner was informed against in the Court of Record of Escambia County, tried by a jury on a charge of felony, found guilty by the jury's verdict and thereafter adjudged to be guilty and thereupon sentenced to a term of imprisonment that is within the limitations prescribed by law. Section 7239 C. G. L., 5138 R. G. S.

The contention that the Court of Record of Escambia County has no constitutional existence is obviously without merit. See Sections 39, 40 and 41, Article V, Constitution of Florida, as amended at the 1910 General Election. The Criminal Court of Record of Escambia County which now is possessed of all the powers of the original Criminal Court of Record as well as the additional powers provided for in the amendment to the Constitution hereinbefore referred to.

It affirmatively appears from the petition that the prisoner is being lawfully held and imprisoned in the State Prison under a lawful judgment of conviction and sentence of a court of competent jurisdiction, therefore the petition for writ of habeas corpus is denied on the authority of the case hereinbefore cited.

Habeas corpus application denied.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.