## C. A. SKIPPER v. STATE.

173 So. 692.
Opinion Filed March 25, 1937.
Rehearing Denied April 22, 1937.

*Wm. K. Whitfield* (of Tallahassee) and *Ernest Amos,* for Petitioner;

*Cary D. Landis,* Attorney General, *Roy Campbell,* Assistant, and *J. C. Adkins,* State Attorney, for Respondent.

BUFORD, J.—This is now before us on application for leave to apply to the Circuit Court for a writ of error *coram nobis.*

The petition alleges that one C. E. Lien testified falsely on the trial of Skipper and also before the Grand Jury which indicted Skipper and that such false testimony was at the time known by the State Attorney to be false.

An affidavit purporting to have been made by C. E. Lien in Denver, Colorado, on September 30th, 1935, and another purporting to have been made by the same person at the same place are attached to and taken as a part of the petition. The affidavits are contradictory and do not sufficiently support the allegations of the petition to make a *prima facie* case warranting the issuance of a writ of error *coram nobis.* The petition when considered alone, or in connection with the thereto attached affidavits, presents no traversible facts upon which issues could.be made up warranting a trial by jury and the entry of a judgment holding the, former trial of the petitioner invalid and illegal. The affidavits referred to only show that either the testimony given by Lien on the trial was corruptly false and untrue or else the statements in the affidavit are untrue. This presents a question which may possibly address itself to the State Board of Pardons, but not one which courts will attempt to judicially determine.

There must be an end to litigation and trials. It may be readily seen that if after conviction in the Circuit Court, writ of error to the judgment and affirmance by the Supreme Court, the accused may then procure another trial of

a new issue which presents the question of whether or not a material witness committed perjury being induced to do so by whatever means or influence, there would be no end to trials so long as the accused could pay able counsel alluring fees and find ways to get witnesses who have gone beyond the jurisdiction of the courts of the State to make affidavits repudiating former testimony. It is for this very reason that the rule is well established that writ of error *coram nobis* may not be invoked upon the ground that a witness in the trial of the cause testified falsely about a material fact; nor may newly discovered evidence going to the merits of the issues tried be used as a basis for the writ. Jennings v. Pope, 101 Fla. 1476, 136 Sou. 471; Lamb v. State, 91 Fla. 396, 107 Sou. 535; Lamb v. Harrison, 91 Fla. 927, 108 Sou. 671, and cases there cited.

So the petition is denied.

So ordered.

ELLIS, C. J. and WHITFIELD, and DAVIS, J. J., concur.

BROWN, J., dissents.

BROWN, J. (dissenting).—This case is again before us on application for leave to apply to the Circuit Court for a writ of error *coram nobis,* the purpose of which writ would be to set aside the judgment of conviction upon which the petitioner was sentenced to the penitentiary for embezzlement of bank funds over three and a half years ago.

The petitioner was indicted by the Grand Jury of Highlands County in May, 1933. The indictment alleged that the defendant had embezzled $15,000.00 belonging to the Highlands County Bank. He was convicted in July, 1933, and the judgment of conviction was affirmed by this court, March 21, 1934. See 114 Fla. 312, 153 So. 853. Appeal therefrom to the United States Supreme Court was dismissed "for want of a properly presented Federal question."

55 S. C. 76, 79 L. Ed. 631. This of course, occasioned con-- siderable· delay. Thereafter, Skipper petitioned the Cir-- cuit Court of Highlands County for a writ of habeas corpus, which was denied. This order was- brought before us on writ of error and the·judgment of the Circuit Court deny- ing the writ of habeas corpus was affirmed. Skipper v. Schumacher, 118 Fla. 867, 160 So. 357. Rehearing was. applied for and denied: Thereafter, petition for writ of certiorari was: filed in the United States Supreme Court for the purpose of reviewing the judgment of this court in the habeas corpus proceeding, and certiorari was denied by the Federal Supreme Court on October 14, 1935. There- after, the petitioner filed a petition in this court for per- mission to apply to the Circuit Court of Highlands County for a writ of error *coram nobis,* which petition was denied without opinion. Then a petition for writ of habeas corpus was filed in this court, attacking the original judgment of conviction on the ground that such judgment had been ob- tained upon the testimony of one C. E. Lien who had been intimidated and induced to testify falsely by several un- named members of the Grand Jury, and for other reasons, which facts had not come out at the trial and did not come to the knowledge of the petitioner until long after the trial. This court held that these allegations did not constitute good ground for a collateral attack by way of habeas corpus upon a judgment of a court of general jurisdiction, valid on its face, so the writ was quashed and the petitioner re- manded by this court to the custody of the sheriff on May 28, 1936. Petition for rehearing was filed and was denied on June 26, 1936. See Skipper v. Schumacker, 124 Fla. 384, 169 So. 58. Again the petitioner sought to have the judgment of this court reviewed by the Supreme Court of the United States and when that court acted upon the

matter, Skipper's petition for certiorari was denied. Thereupon the petition filed the present application to this Court for leave to apply to the Circuit Court for the common law writ of error *coram nobis,* the purpose of which writ would be to attack the validity of the original judgment of conviction in the court wherein that judgment was rendered, upon the grounds alleged in the petition for leave to apply.

In said habeas corpus proceeding, which was before us last year, the defendant attacked the validity of the statute under which he was convicted, which question this court decided adversely to his contention, but the main ground of his petition at that time was that the verdict of the jury and the judgment of conviction could not have been obtained but for the testimony of C. E. Lien, who had been President of the bank, and that shortly before the petition was filed, petitioner had ascertained that Lien had been induced to testify falsely against him by reason of the pressure brought to bear upon him by several unnamed members of the Grand Jury who threatened to indict and prosecute Lien unless he promised to testify according to their wishes; that on one occasion he, Lien, was visited after midnight, and was told that a meeting had been called in one of the business rooms in the City of Sebring to discuss Grand Jury deliberations and instruct them what to do and that he would be expected to testify in such a manner as to convict petitioner, otherwise he, Lien, would be prosecuted himself; that Lien was laboring at the time under intense physical pain and great excitement and distress of mind, due to the condition of the bank and fear lest he should be involved in connection therewith, and that his testimony was thus obtained by intimidation and fraud. Attached to the petition was a long letter from C. E. Lien, addressed to petitioner's then attorney, written from Denver, Colorado,

September 30, 1935, in which he stated in substance that he had been recently visited by Mr. Skipper and he realized that he had done Skipper a great injustice and wishes to do all that he could to make amends therefor, and he went into the matter at great length, but without making any reference whatever to the State Attorney, and it was evidently upon the basis of this letter that the allegations in the petiion were founded. He stated that the notes which Skipper had collected, and for the proceeds of which he had been charged with embezzlement, were not the notes of the bank, but that there had been a substitution of other collateral with the approval of the loan committee, annd later with the approval of the directors recorded in the minutes, and that the notes which Skipper had later collected were thereby released and from that date on were not considered as bank collateral or reported as such in statements to the comptroller. Upon said habeas corpus proceedings in this Court counsel for the petitioner argued that the writ of habeas corpus should be issued upon the authority of the case of Mooney v. Holohan, 294, U. S. 103, 70 L. Ed. 791, 55 S. C. R. 340, wherein the Supreme Court of the United States had held that where the State, through its prosecuting officer, knowingly obtains a conviction by the presentation of the testimony known to be perjured, the action of the State's Attorney is the action of the state, and that a conviction so obtained is subject to attack on the ground that it was obtained in violation of that provision of the 14th amendment to the Federal Constitution which provides that "No State shall deprive any person of life, liberty or property without due process of law." The contention made in this Court in said former proceedings was that the action of said members of the grand jury was likewise the action of the State; that while the Federal Supreme

Court had based its holding on a case where the fraud was alleged to have been practiced by the State's prosecuting officer, the principle announced would extend to Grand Jurors.

In this Court's opinion in said habeas corpus proceedings, we did not question the general proposition thus laid down by the Supreme Court of the United States but we held that the alleged fraudulent action of two or three members of the Grand Jury was not the action of the State, especially when they acted on their own volition and outside the Grand Jury room. We said in that case:

"Now undoubtedly the State's Prosecuting Attorney is an agent of the State, and if he knowingly secures a conviction by the conscious and deliberate use of perjured testimony, this is sufficient ground, under the case above cited, for holding such judgment of conviction null and void. No grosser fraud could be perpetrated upon a court. The agencies of the State for the enforcement of law and the administration of justice must never be allowed to be prostituted to the defiance of law and the effectuation of injustice. Those who minister in the temples of justice must keep their hands clean. *But neither in the petition, nor in the briefs, nor in the oral argument, has it been alleged or charged that the able and reputable State Attorney, who represented the State upon the trial of this case, was guilty of any wrong-doing whatsoever.*" (Italics supplied.)

We also held that under the prior decisions of this Court habeas corpus was not a proper remedy to set aside and annul a judgment of conviction rendered by a court of general jurisdiction, having jurisdiction of the parties and the subject matter, on the grounds set forth in that petition; but that inasmuch as the Supreme Court of the United States had held in effect that surely every State must afford

some remedy for redressing a conviction obtained by fraud, i.e. a conviction obtained on perjured testimony, where the State itself, through its agents, was an active participant in the fraud thus practiced upon an unsuspecting court and jury, and without the knowledge of the defendant or his counsel or any lack of diligence on their part, our holding was that, in such a case the remedy under our practice would be the writ of error *coram nobis*. But we also held that the petition for the writ of habeas corpus in that case was not sufficient even if treated as a petition for writ of error *coram nobis*, for the reasons therein stated.

In our former opinion in the habeas corpus proceeding, 124 Fla. 384, 169 So. 58, we adhered to the rule laid down in Lamb v. State, 91 Fla. 396, 107 So. 535, that writ of error *coram nobis* could not be invoked on the mere ground that an important witness had testified falsely about a material issue in the case; nor on the ground of newly discovered evidence; but we did, in substance, hold, that while, under our former decisions, habeas corpus was not available, writ of error *coram nobis* would be an available remedy in such a case as that dealt with by the Supreme Court of the United States in Mooney v. Holohan, *supra*, that is, where, without the fault or knowledge of a defendant or his counsel, the agencies or officers representing the State had knowingly procured the conviction of a defendant on false and perjured testimony. And in the case cited, the Federal Supreme Court held that such a conviction was a denial by the State of due process of law, and that State courts, equally with Federal Courts, are under an obligation to guard and enforce every right secured to the citizen by the Federal Constitution. Furthermore, Section 4 of our own bill of rights says that "All courts of this state shall be open, so that every person, for any injury done him in .

his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice shall be administered without sale, denial or delay." See the able opinion of Mr. Chief Justice ELLIS in Chambers v. State, 117 Fla. 642, 158 So. 153, wherein it was also held, that where the application was allowed and the writ issued by the trial court, the issues should then be made up between the petitioner and the State, under the supervision of the trial court, in the method therein outlined, by which the petitioner was required to file definite and clear-cut assignments of error.

While for three and a half years the petitioner has made constant and repeated, but unsuccessful, attacks on the original judgment of conviction, during which period petitioner and his counsel have resorted to probably every method of legal attack known to the law and which ingenuity could devise, it is nevertheless quite clear that the present petition is, by its allegations, *prima facie* sufficient on its face to make out a case under the decision of last year largely based thereon. But it is strange that, at this late day, said petition, and the affidavit of C. E. Lien thereto attached, constitutes the first charge that has been made against the State Attorney in connection with his case. After this long lapse of time, the petitioner has in this regard shifted his ground. Was the making of this charge a mere after-thought, a disingenuous attempt to present allegations which would make the petition sufficient under the Federal decision above cited? These are questions which we cannot answer without ourselves trying the facts of the case as made by the petition, and that of course is not the function of this court. We must act upon the petition and supporting affidavits as they stand.

It is true, this petition repeats the charges heretofore

made against the grand jurors, this time naming them, and attaches, an affidavit of one of the directors of the failed bank to the effect that the minutes of the bank's directors show that this particular note was no longer bank collateral at the time Skipper collected it, other collateral having been accepted in the place of it. But the charge that the State Attorney had secured petitioner's conviction on false and perjured testimony, knowing it to be false at the time, is something *entirely new* in this long drawn out litigation.

It is true also that there is some variation between the allegations of this petition and Lien's affidavit, the allegations being somewhat stronger than the affidavit, but the petition is sworn to, and on their face the allegations in both the petition and the affidavits are sufficient to make out a *prima facie* case, under our former decisions, for leave to apply to the trial court for writ of error *coram nobis.*

Whether these allegations of fraud and perjury can be proven or not, is not for us to say. That question can only arise and be settled in a trial in the court below on issues properly made up to be tried before a jury of Highlands County. The only question for us to determine is whether the allegations of the petition on their face make out a *prima facie* sufficient showing for leave to apply to the trial court for the writ.

So far as the then acting State Attorney is concerned, doubtless he would welcome an opportunity, in open court, to refute and silence, once and for all time, the grave charges made against him in this petition, and which were not mentioned in Lien's lengthy letter written a year before his recent affidavit was made. And if, as Lien says, he committed perjury when the petitioner was tried several years ago, he did not say anything about it until the statute

of limitations had barred his prosecution therefor. But neither is this circumstance one which has any controlling influence on the question before us, which is the legal sufficiency of the allegations of the petitioner. If perchance the allegations of the sworn petition are true and can be proven to the satisfaction of a jury, the petitioner would be entitled to a verdict and judgment setting aside the judgment of conviction thus brought in question. If he fails to so prove the serious charges made in this petition, the judgment of conviction should of course be upheld, and the petitioner promptly sent to the penitentiary to serve the sentence imposed upon him some three and a half years ago. These questions can only be tried and determined in the trial court, which trial cannot be had unless we grant the petition for leave to apply to the trial court for writ of error *coram nobis*.

If this course be followed out with due promptitude, this long drawn out litigation should be brought to an early, and, we trust, a lawful, just and righteous end.

For these reasons, I think the petition for leave to apply to the Circuit Court of Highlands County for writ of error *coram nobis* should be granted.