## C. F. HART v. STATE OF FLORIDA

5 So. (2nd) 866                                   Division B
January 26, 1942

Alfred T. Airth, and R. C. Horne, for appellant.

J. Tom Watson, Attorney General, and Woodrow M. Melvin, Special Assistant Attorney General, for appellee.

THOMAS, J.:

An appeal was taken by the appellant from a judgment of conviction in the Circuit Court of Taylor County and by the opinion of this Court there was a reversal only as to the form of the sentence "with directions to the judge of the circuit court to pass a proper [one] . . ." Hart v. State, 144 Fla. 409, 198 So. 120.

In obedience to the court's mandate the appellant was re-sentenced, whereupon, he again filed a notice of appeal assigning various errors relating to the trial procedure, and an additional one challenging the entry of the final judgment.

In his brief appellant has presented three questions for decision, all of which were determined, as we understand from comparing them with those appearing in the original brief, on the first appeal and the propriety or impropriety of the last sentence is not discussed.

It is our opinion that when an appeal is taken to a judgment of conviction and there is an affirmance except as to the sentence and the cause is reversed for the sole purpose of imposing a correct one, a review on a subsequent appeal is restricted to consideration of those matters which transpired after the mandate became effective.

We decide that the first decision is not only conclusive of those matters which were presented but which could have been presented in the initial appeal, Skipper v. Schumacher, 118 Fla. 867, 160 So. 357.

For the purpose of making our order in the present appeal more easily understood it is well to point out that the attorney general made a motion to dismiss on the ground that the cause had been adjudicated and this was granted. The appellant then moved to

reinstate the appeal and, counsel agreeing, we considered both motions on their merits.

We conclude that the motion to reinstate should, under the circumstances, be denied.

BROWN, C. J., TERRELL and CHAPMAN, JJ., concur.