**JEFF KINSEY v. LONNIE T. DAVIS, Sheriff**

19 So. (2nd) 323                                        June Term, 1944
October 6, 1944                                          Division B
Rehearing denied October 13, 1944

R. C. Horne, S. D. Clarke, and Wm. McChesney, for appellant.

J. Tom Watson, Attorney General, and John C. Wynn, Assistant Attorney General, for appellee.

THOMAS, J.:

The appellant was indicted by a grand jury for larceny of two heifers "Marked: Swallow fork in each Ear *and under bit in Right ear.*" We have italicized a part of the description for reasons which we will presently state.

Trial before a jury culminated in a verdict of guilty, and upon appeal to this Court the judgment was affirmed. Kinsey v. State, 15 So, (2nd) 753. Thus ended the first chapter of this litigation. The second was introduced by petition for habeas corpus on behalf of appellant, seeking his discharge because the indictment was void. It was charged that the words we have italicized, in quoting the description of the stolen property, were inserted after the return of the grand jury, hence the indictment found by that body was not the same upon which appellant was convicted.

The circuit judge granted the motion of the state to quash the writ, and in the present appeal from that order appellant challenges the authority of the state attorney to amend an indictment returned by a grand jury and the propriety of the circuit judge's order quashing the writ of habeas corpus without determining from testimony whether the prosecuting officer did in fact revise the indictment as alleged in the petition for habeas corpus.

We find an obstacle directly in the path of any decision of these questions. Appellant was represented by counsel in the original trial, and no objection was made in his behalf to testimony identifying the property by the description we have quoted, despite the fact that the photostatic copy of the indictment, now before us, shows the words we have italicized to have been, at some time or other, interlined by hand in the typewritten formal charge. For. aught the original record shows this may have been done before the indictment was returned. It may not be inferred from the interlineation itself that it was made at such time and in such manner as to vitiate the instrument. The question, then which forms the obstacle to a determination of the ones appellant has chosen is whether in the circumstances related habeas corpus in the circut court was the proper remedy.

It seems to us that it was inappropriate for two reasons: first, because an attempt was made to secure the writ from the circuit judge after the judgment of conviction had been affirmed in this Court; and second, because it sought to assail the validity of the final judgment and to support the attack by introducing matters dehors the original record on which the judgment was based. This judgment, which had been entered against the appellant in the trial court, became merged in the judgment of affirmance, and all questions raised or which could have been raised were adjudicated against the appellant. The judgment is, therefore, to be "regarded as free from all error." This was the holding in Skipper v. Schumacher, 118 Fla. 867, 160 So. 357. (Appeal dismissed, 296 U.S. 578, 80 L. ed. 408, 56 S. Ct. 88.). It was evidently due to the ruling there announced that the petitioner then applied for a writ of habeas corpus in this Court, where a

motion to quash was made and granted, with the result that the petitioner was remanded to the custody of the sheriff. Skipper v. Schumacher, 124 Fla. 384, 169 So. 58. (Certiorari denied in United States Supreme Court, 299 U.S. 507, 81 L. Ed. 376, 57 S. Ct. 39.)

Habeas corpus is sought to be invoked in this case as a collateral attack upon the judgment of the trial court which has already been affirmed, and at this late date the sole question is whether the judgment is absolutely void. 25 Am. Jur., Habeas Corpus, page 185, citing the latter case of Skipper v. Schumacher, supra. The court obviously had jurisdiction to enter the judgment, all presumptions favor its regularity, and there is nothing whatever on the face of the record even to indicate an infirmity which would make it vulnerable to collateral attack.

The appellant relies to considerable degree upon appearance in the indictment (disclosed to us now by the photostatic copy) of the description partly typewritten and partly printed by hand, a characteristic that was not apparent in the original record reviewed in the appeal. As we have said, this in itself is not sufficient to condemn the indictment, and if it is necessary to resort to testimony to establish that the printed insertions were made after the indictment was returned there would be an excursion far beyond the boundaries of inquiry justified by a collateral attack.

For two sound reasons the circuit judge was correct in his ruling. Not only was the collateral attack wholly without basis in the record—plainly it would be necessary for appellant to introduce testimony to prove the interlineation to have been made after its return, which may not be done (Vanfleet on Collateral Attack on Judicial Proceedings, page 7)—but under Skipper v. Schumacher, first supra, the writ was not properly obtainable from the circuit judge in the first place "for the purpose of disturbing the custody of the accused who appeared to be detained solely by virtue of the affirmed judgment of the circuit court. . . ." Even had the collateral attack been warranted it could only have been made properly in the Supreme Court or in a federal court having jurisdiction.

Affirmed.

BUFORD, C. J., BROWN and SEBRING, JJ., concur.