PER CURIAM.
This was originally an equitable action for rescission, accounting and other relief, in connection with fraud and misrepresentation involved in a contract for the sale of 20 vending machines. The initial hearing of this case resulted in a judgment of $108,500.00 against the defendant, Srybnik. The plaintiff-purchaser had also recovered $17,500.00 from Seaboard Airline Railway on a claim for damage in shipment of the machines. That judgment was reversed by this court for failure to apply the correct rule of damages, and remanded to “redetermine the damages.” See: Srybnik v. Ice Tower, Inc., Fla.App.1964, 162 So.2d *225 294. The cause Was reheard on the issue of damages, and the chancellor entered judgment against the defendant, Srybnilc, for $63,500.00 and, in addition, $14,382.75 for pre-judgment interest. The defendant filed a timely petition for rehearing on March 5, 1965. On March 8, 1965, after time for filing had expired, the plaintiff filed a petition for rehearing. The defendant moved to strike the plaintiff’s petition and the plaintiff moved for an enlargement of the period within which it might file its petition. The chancellor denied the motion to strike and granted the plaintiff’s motion for enlargement. On rehearing, the chancellor increased the damages assessed against the defendant by the amount of $21,166.67. The interest was increased by $4,784.25. Additionally, the chancellor ruled that the defendant was not entitled to a credit or set-off for the sum of $17,500.00 paid to the plaintiff by Seaboard Airline Railway for damages to the vending machines in transit.
The defendant appealed, and he has preserved the following points for review: 1. That the chancellor erred in considering the plaintiff’s untimely filed petition for rehearing. 2. That the allowance of prejudgment interest was not within the mandate of this court; and was improper because the damages were unliquidated and uncertain. 3. That the defendant is entitled to set off the amount received by the plaintiff from the Seaboard Airline Railway. The appellee has cross-assigned error and urges that the defendant should not be allowed 100% credit for monies paid on a guaranty of a debt of the plaintiff.
As to the appellant’s first point, we do not consider whether or not the plaintiff’s petition for rehearing was timely or untimely, because we find that upon the filing of the defendant’s petition for rehearing the chancellor had a right to reconsider his entire decree. See: Cole v. Cole, Fla.App.1961, 130 So.2d 126; State ex rel. Owens v. Pearson, Fla.1963, 156 So.2d 4. As to the allowance of pre-judgment interest, it is true that in certain actions based upon tortious claims, prejudgment interest is not allowed. See: Farrelly v. Heuacker, 118 Fla. 340, 159 So. 24; Zorn v. Britton, 120 Fla. 304, 162 So. 879. But, this court and other courts have held that pre-judgment interest is allowed on a tor-tious claim which arises out of a contract. See: Jackson Grain Co. v. Hoskins, Fla. 1954, 75 So.2d 306; Parker v. Brinson Construction Co., Fla.1955, 78 So.2d 873; Martin v. E. A. McCabe & Company, Fla.App. 1959, 113 So.2d 879; Huntley v. Baya, Fla.App.1962, 136 So.2d 248. As to the alleged error in the failure of the chancellor to allow the set-off, we find error and reverse. The amount received by the plaintiff was admitted, and no adequate reason at law has been advanced for denying the defendant the right to set off this amount received from a third party against the amount that the plaintiff is required to pay.
We have examined the appellee’s cross-assignment of error as to the allowance of the credit to the defendant for monies paid on an obligation for which the plaintiff is liable, and fail to find any error in this regard. This was one of the provisions in the original decree heretofore before this court in the prior opinion, and was not raised as an issue in that case, and we find it not to be proper for consideration in this appeal. See: Sanders v. State, 82 Fla. 498, 90 So. 455; Palm Beach Co. v. Palm Beach Estates, 110 Fla. 77, 148 So. 544; Hart v. State, 149 Fla. 388, 5 So.2d 866; Rogers v. State ex rel. Board of Public Instruction, 156 Fla. 161, 23 So.2d 154; City of Miami Beach v. Parking Facilities, Inc., Fla.App.1960, 120 So.2d 209; Leybourne v. Furlong, Fla.App.1964, 161 So.2d 221.
Therefore, for the reasons stated, we affirm the decree of the chancellor here under review as relates to the plaintiff’s claim. However, we reverse and modify same in failing to grant the defendant’s set-off, and return the matter with directions to the *226 chancellor to modify his decree by decreasing the principal amount of the award by the set-off and reducing the interest correspondingly.
Affirmed as modified, with directions.