PER CURIAM.
Appellant, Ernest Eugene Grant, appeals from an order denying his petition for writ of habeas corpus in which he alleged that the Florida Division of Corrections had deprived him of his rights under Section 944.-27, Florida Statutes, F.S.A.,[1] the Florida Constitution, and the Fourteenth Amendment of the Constitution of the United States of America. The object of his petition was to question a rule passed by the Florida Division of Corrections depriving 'any person placed in maximum security of statutory gain time while so incarcerated.
The State has filed in this cause an instrument which reflects that appellant is confined by reason of a sentence commencing around April 10, 1964 for a term of five years. By simple arithmetic computation it is obvious that if this Court agreed with petitioner’s contentions as to entitlement of gain time, there still remains a considerable length of time for him to serve prior to his being eligible for discharge from the sentence.. It is axiomatic that the writ of habeas corpus is designed for the purpose of effecting a speedy release of persons who are illegally deprived of their liberty or illegally detained from those who are entitled to their custody. See 15 Fla. Jur., Habeas Corpus, Section 2. The un-controverted record in this cause reflects that this prisoner is being lawfully detained, so the trial judge’s order denying petition for writ of habeas corpus is
Affirmed.
RAWLS, Chief Judge, and STURGIS and JOHNSON, JJ., concur.

. Section 944.27 is entitled: “Gain time for good conduct; schedule of allowances ; cumulative sentences to be treated as one sentence for purposes of allowing and forfeiting.”