PER CURIAM.
Affirmed.
DOWNEY, Judge
(specially concurring).
From the record presented in this court it is gleaned that appellant was dismissed from the Boynton Beach Police Department and that the Civil Service Board of that city affirmed the dismissal. Thereafter, on December 5, 1972, appellant filed a petition for writ of certiorari in the circuit court. Appellant obtained several court orders extending the time for filing his brief required by the appellate rules, the last order being dated April 5, 1973.
On July 30, 1974, the clerk of the circuit court filed a motion and notice of dismissal for lack of prosecution pursuant to Rule 1.420(e) RCP. A hearing was held on said motion and appellant’s “statement of good cause” and the trial court dismissed the cause for failure to prosecute pursuant to said rule of civil procedure. Appellant filed a timely petition for rehearing and a motion for relief under Rule 1.540(b)(1), RCP based upon excusable neglect. Both motions were denied and appellant has filed an interlocutory appeal.
It appears that everyone has treated the proceedings in the circuit court as though they were governed by the Florida Rules of Civil Procedure, whereas they should be governed by the Florida Appellate Rules. See Rule 4.7, FAR. Those rules require that a petition for certiorari be accompanied by a brief. Rule 4.5, subd. c, FAR. The circuit court by virtue of three orders extending the time for filing such brief relaxed that requirement. See Rule 3.7, subd. d, FAR. Thereafter, it appears that appellee orally agreed to extensions of time but no court order was ever obtained authorizing extension of the time periods set by the appellate rules. Thus, the court would have been well within its discretion had it dismissed the cause of its own motion. So it matters not that the question *412 arose upon the clerk’s notice of dismissal. Nor was appellant’s motion for relief pursuant to Rule 1.540, RCP, appropriate. As heretofore noted the matter pending in the circuit court was not subject to the rules of civil procedure.
Parties to an appellate review cannot waive the appellate rules. If a party proposes to deviate therefrom with impunity he must obtain approval from the court. See: Toney v. Allstate Insurance Company, Fla.App.1973, 291 So.2d 658.
The only feature in this case which makes an affirmance difficult is the fact that counsel for appellee very candidly advised the circuit court that he had orally agreed to the extension of time. Thus, if the proceedings below had been subject to the rules of civil procedure it would appear to me that appellant’s motion under Rule 1.540, RCP, would have sufficed to demonstrate excusable neglect. But as pointed out above, we are not dealing with those rules and on this appeal the sole question is whether or not the lower court abused its discretion. The fact that I may have refused to dismiss the petition under the unusual circumstances of this case had I been the trial judge is not the test. The court had the power to dismiss the cause and appellant was guilty of an inordinate delay in the progression of the petition for writ of certiorari. Thus, I cannot conclude that the lower court abused its discretion.