PER CURIAM.
This cause is before the court on appeal from a decision of the District Court of Appeal, First District, which construed a provision of the state constitution. Isley v. Askew, 358 So.2d 32 (Fla. 1st DCA 1978). We have jurisdiction. Art. V, § 3(b)(1), Fla.Const.
The district court’s decision was rendered upon the filing of an original petition there, seeking a “rule to show cause,” testing the authority of the governor to suspend the petitioner from the office of member of the Lee County school board and questioning whether the Commission on Ethics is lawfully constituted under article II, section 3 and article IV, section 1(f), Florida Constitution. The petitioner sought to invoke the power of the district court of appeal, under article V, section 4(b)(3), Florida Constitution, to “issue writs of mandamus, certiorari *67 prohibition, quo warranto, and other writs necessary to the complete exercise of its jurisdiction.”
There is no demonstrated jurisdictional ground for the district court to have taken action on the appellant’s petition. Under our jurisdiction of the appeal, we have power to quash the district court’s decision for lack of jurisdiction. Skipper v. Schumacher, 118 Fla. 867, 160 So. 357 (1935).
The decision of the district court is quashed and the cause remanded to the district court for the entry of an order of dismissal.
It is so ordered.
ENGLAND, C. J., and BOYD, SUND-BERG and ALDERMAN, JJ., concur.
ADKINS, OVERTON and HATCHETT, JJ., dissent.