DOWNEY, Judge.
John A. Hoffman, while represented by private counsel, was convicted in the County Court of Broward County of leaving the scene of an accident, failure to report an accident, and failure to yield the right-of- *151 way. On appeal to the circuit court, wherein Hoffman was represented by the Public Defender, the conviction of leaving the scene of an accident was reversed, but the other convictions were affirmed. In addition, the circuit court ordered Hoffman to pay $500 for services of the Public Defender, pursuant to Section 27.56, Florida Statutes (1979). That order was entered November 26, 1979, and Hoffman sought no direct review thereof. However, in a motion dated September 26, 1980, Hoffman asked the circuit court to (a) remit attorney’s fees (pursuant to Section 27.56(4)), or (b) vacate, pursuant to Florida Rule of Civil Procedure 1.540(bX4), the judgment of November 26, 1979, on the ground that it was void.
The circuit court, on November 13, 1980, entered an order denying the motion on the grounds that (1) Hoffman had “waived his right to make a showing that the Order to Pay Attorney’s Fees was void by failing to move for review within the time limit set forth in Rule 9.400(c) of the Rules of Appellate Procedure,” and (2) Hoffman’s $12,000 interest in real property precluded relief under Section 27.56(4), since Hoffman would “suffer no ‘manifest hardship’ if the Order to Pay Attorney’s Fees were not now remitted or modified.” The order of denial also specifically found:
That the procedures set forth in F.S. 27.-56(7) were not followed by the Court and Appellant-Defendant was neither given notice of or an opportunity to be heard on the question specified in F.S. 27.56(7) pri- or to the entry of the Order to Pay Attorney’s Fees.
It is the order of November 13, 1980, that we now review in this certiorari proceeding.
Section 27.56(7) provides that a court having jurisdiction may at such stage of the proceedings as it deems appropriate, after due notice to the defendant so that he may be heard, determine the value of the public defender’s services. The circuit judge who assessed the attorney’s fee complained of herein acknowledged at the hearing on the motion to remit and vacate that he had violated the foregoing requisite of notice when the fee was assessed. Therefore, the judgment of November 26, 1979, insofar as it ordered Hoffman to pay $500 for the services of the public defender, was void. Gryca v. State, 315 So.2d 221 (Fla. 1st DCA 1975). Once Hoffman made a showing that the judgment of November 26, 1979, was void insofar as the award of attorney’s fees was concerned, the circuit court was duty bound to vacate the award, since
every court, whether possessed of original or appellate jurisdiction, is vested with inherent power to vacate its own orders, judgments, or decrees, if void, and indeed, every such court is in duty bound to do so when appropriate procedure is invoked for that purpose.
Skipper v. Schumacher, 118 Fla. 867, 873, 160 So. 357 (1935). See, too, 5B C.J.S., Appeal & Error, § 1957, p. 527, note 81.
As we indicated above, Hoffman relied primarily upon Florida Rule of Procedure 1.540(b). This reliance was misplaced because Rule 1.540(b) does not apply to a criminal proceeding in a circuit court (Long v. State, 96 So.2d 897 (Fla.1957)) and the appellate proceedings in the circuit court resulted from criminal proceedings in the county court. In addition, Rule 1.540(b) does not apply to appellate proceedings in the circuit court. Giordano v. City of Boynton Beach, 320 So.2d 411 (Fla.1975); Fla.R. Civ.P. 1.010. We do not believe we are elevating form over substance when we say Hoffman may attack an appellate court judgment by means of a common law motion to vacate for voidness, but may not use Rule 1..540(b) as authority for that motion, because Rule 1.540(b) is designed to permit a trial court to vacate its judgment on any one or more of five grounds, while the common law motion to vacate an appellate court judgment can be based on only one ground, voidness.
Accordingly, the order appealed from is quashed and the cause is remanded to the circuit court to reconsider Hoffman’s motion to vacate the order of November 26, 1979, in light of this opinion.
*152 QUASHED AND REMANDED, with directions.
HERSEY and GLICKSTEIN, JJ., concur.