791 So.2d 1256 (2001)
Edward HOLLAND, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-100.
District Court of Appeal of Florida, Fifth District.
August 24, 2001.
Edward Holland, Lake Butler, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Alison L. Becker, Assistant Attorney General, Tampa, for Appellee.
SHARP, W., J.
Holland appeals from an order of the circuit court, which denied his petition for a writ of habeas corpus. In the petition, Holland sought to compel the Secretary of the Florida Department of Corrections to release him from "close management," and return him to the general population of the prison where he is incarcerated (North Florida Reception Center). The circuit court found that Holland had been placed in "close management" because of a long series of disciplinary infractions.[1]
In this petition, Holland has raised no issue concerning harassment, lack of due *1257 process, failure of the state to comply with its own rules regarding "close management,"[2] or other grounds, which would provide a basis to grant his release from "close management." Under these circumstances, as he is legally confined in prison, the writ was properly denied.[3]
AFFIRMED.
THOMPSON, C.J., and SAWAYA, J., concur.
NOTES
[1] The order states in part:

Petitioner's placement in Close Management is lawful and well-founded. In 1999 alone, Petitioner received ten disciplinary infractions, including infractions for non-compliance, fighting, possession of contraband and narcotics, disorderly conduct, obscene or profane acts, and assault. The goal of Close Management is to return the inmate to open population as soon as the facts of the case suggest it is in the best interest of the security and order of the institution and public safety. Petitioner's regard for the rules and history of disciplinary problems justify his Close Management status. Additionally, it is in the best interest of security and order of the institution to separate Petitioner from the general inmate population until he demonstrates his ability to conform to the rules of the institution. Close management is not only appropriate, it is necessary. (emphasis added).
[2] See Taylor v. Perrin, 654 So.2d 1019 (Fla. 1st DCA 1995); Granger v. Florida State Prison, 424 So.2d 937 (Fla. 1st DCA 1983).
[3] See State ex rel. Hamilton v. Mayo, 123 Fla. 491, 167 So. 34 (1936); Skipper v. Schumacher, 118 Fla. 867, 160 So. 357 (1935); Edwards v. State, 705 So.2d 943, 945 (Fla. 5th DCA 1998); Grant v. State, 183 So.2d 596, 597 (Fla. 1st DCA 1966); State v. Buchanan, 172 So.2d 476 (Fla. 3d DCA 1965).