OSCAR LEE, *Plaintiff in Error*, v. JAMES C. VAN PELT, SHERIFF, *Defendant in Error*.

1. Where a party is confined in jail under a commitment issued upon an affidavit charging the offense in positive terms, the commitment and affidavit being in proper form, it is not competent for him in Habeas Corpus proceedings to question the legality of his arrest by showing simply that the prosecuting witness or witnesses had no personal knowledge of the facts stated in the affidavit, and thereby attempting to show a want of probable ·cause.

2. While the writ of Habeas Corpus is a writ of right in the enlarged sense of the term, it does not issue of course, but reasonable grounds must exist for awarding it, and if it appears on the face of the petition that the party in custody would only be remanded, the writ should be denied.

This case was decided by Division B.

Writ of Error to the Circuit Court for Escambia County.

The facts in the case are stated in the opinion of the court.

*J. P. Stokes,* for Plaintiff in Error;

*Park Trammell,* Attorney General, for the State.

HOCKER, J.—The plaintiff in error filed the following petition with the Circuit Judge of the First Judicial Circuit in and for Escambia County:

"Your petitioner, Oscar Lee, of Pensacola, Florida, respectfully shows unto your Honor as follows, to-wit:

1. That he is confined in the county jail of Escambia County, Florida, by the jailor of said county, James C. Van Pelt, Sheriff of Escambia County, Florida, and deprived of his liberty, by virtue of a certain commitment issued by the Justice of the Peace of the Second District of Escambia County, Florida, wherein it is alleged that a certain affidavit of complaint had hitherto been made by one Chas. W. Johnson, wherein this petitioner is charged with having on the 11th day of December, A. D. 1908, committed the crime of petit larceny.

2. That said commitment is based upon an affidavit of the said Chas. W. Johnson, a deputy sheriff of Escambia County, Florida, wherein it is alleged that on December 11th, A. D. 1908, in the Second Justice District of Escambia County, Florida, the petitioner, of the personal property of The Pensacola Grocery Company, a corporation, did feloniously steal, take and carry away property of the value of $2.00, a copy of said affidavit is hereto attached.

3. That there was not before the said justice of the peace at the time of the issuance of the said warrant, based upon said affidavit, probable cause to justify the issuance of said warrant; that the said Chas. W. Johnson was absolutely and totally without knowledge of the matters and things set up in said affidavit.

4. That the Pensacola Grocery Company conducts its business in the City of Pensacola, Florida, with its officers and agents thereat.

5 That this petitioner is not guilty of the offense

charged in said affidavit, and that there was and is not probable cause to believe him to be so guilty.

Your petitioner is advised and believes, and therefore alleges, that his detention and deprivation of his liberty as hereinbefore set forth is without authority of law and in violation of section 22, Declaration of Rights, Constitution of Florida.

The premises considered, your petitioner prays that a writ of habeas corpus to issue requiring the said James C. Van Pelt, Sheriff of Escambia County, Florida, to produce before your Honor at sometime certain to be therein stated, the body of your petitioner, with the time and cause of his caption and detention, and that your petitioner be discharged custody, etc.

(Signed) J. P. Stokes, Attorney for Petitioner.

State of Florida;
County of Escambia.

Before the subscriber personally appeared Oscar Lee, who being by me first duly sworn, says that he is the petitioner in the foregoing petition; that he has heard read over the said petition and is familiar with the contents thereof; that the allegations therein contained are true, except as to those matters stated upon information and belief, and as to them he says he believes them to be true. (Signed) Oscar Lee.

Sworn to and subscribed before me this 12th day of December, A. D. 1908. (Signed) R. Pope Reese, Notary Public.

'EXHIBIT A.'

State of Florida,
County of Escambia.

Affidavit of complaint.

Before the undersigned, a justice of the peace, in and for said county, personally came C. W. Johnston, who being first duly sworn says that Oscar Lee, did, in said county, on the 11th day of December, A. D. 1908, did of the property of the Pensacola Grocery Co., a corporation, of the value of two dollars, unlawfully take, steal and carry away, to-wit: 1 ham, $1.00; 5 lbs. lard .75c; 1 can peaches .25c. Against the peace and dignity of the State, contrary to the statutes in such cases made and provided.                    (Signed) C. W. Johnson.

Sworn to and subscribed before me this 12th day of December, 1908.
(Seal.)                    (Signed) R. L. Nickelsen, J. P."

The Circuit Judge denied this petition and made an order granting petitioner a writ of error. The case is here on writ of error for a review of the action of the Circuit Judge.

There is no contention here on part of the plaintiff in error that either the commitment or the affidavit is not in proper form. The crime of petit larceny is not charged on "information and belief," but in positive terms. The Circuit Judge was invited to investigate and determine that Chas. W. Johnson who made the affidavit "was absolutely without knowledge of the matters and things set up in the affidavit," and therefore there was not probable cause for the issuance of the warrant by the justice of the peace. It is not contended that the justice did not have jurisdiction to issue a warrant in the case, if the affidavit as presented to him supplied "probable

cause" within the meaning of section 22 of the Bill of Rights (Constitution of 1885). That section is as follows: "The right of the people to be secure in their persons, houses, papers and effects against unreasonable seizures and searches shall not be violated and no warrants issue but upon probable cause supported by oath or affirmation particularly describing the place or places to be searched, and the person or persons, and thing or things to be seized."

In support of his contention the plaintiff in error cites several cases, but none of them seem to be strictly applicable to this case.

In passing on a rule of court prescribing the duty of Circuit Court Commissioners (U. S.) and referring to certain abuses which had developed in practice, Judge Bradley states that an affidavit made solely on information and belief does not furnish probable cause for issuing a warrant. In the matter of a Rule of Court, 3 Wood's 502. To the same effect are Ex-parte Dimmig, 74 Cal. 164, 15 Pac. Rep. 619 and People v. Heffron, 53 Mich. 527, 19 N. Rep. 170. In the case of In the Matter of Sarah Way, 41 Mich. 299, 1 N. W. Rep. 1021, the court disapproved of the use of forms of complaints containing no specific facts and general allegations only, and sworn to as a matter of form by a policeman. In the case of Welch v. Scott, 5 Iredell (N. C.) 72, it was held that it was the duty of a magistrate before issuing a warrant on a criminal charge, except in cases *super visum* to require evidence on oath, amounting to a direct charge, or creating a strong suspicion of guilt. In only two of the above cited cases was the question of the sufficiency of the affidavit upon which a warrant of arrest was issued attacked by proceedings in habeas corpus.

The affidavit in the instant case seems to be in substantial compliance with sections 3926 and 3927 General

Statutes of 1906. It is true that it does not contain the names of the witnesses nor their places of abode; but we do not think the language of section 3927 makes such statements essential to the jurisdiction of the justice. The affidavit is in substantial conformity with the form laid down in the "Manual for Justices of the Peace and County Judges," prepared by Judge Geo. P. Raney under the provisions of Chapter 4744 of the laws of 1899. See form *48* in Criminal Proceedings—Affidavit in cases of Larceny.

In the case of State v. Vasquez, 49 Fla. 126, 38 South. Rep. 830, this court disapproved of the use of the writ of habeas corpus to test the sufficiency of the evidence upon which an information was based. In a number of decisions this court has held that the regularity of judicial proceedings cannot be tested by habeas corpus. Bronk v. State, 43 Fla. 461, 31 South. Rep. 248. In several States an affidavit based on information and belief is sufficient to show probable cause. State v. Hobbs, 39 Me. 212, and see 12 Cyc. 293, 294 and cases cited in notes 61 and 62. It is stated on page 292 of 12 Cyc. that the person aggrieved, or any person having knowledge of an infraction of the law may make the complaint or affidavit. In the case of City of Holton v. Bimrod, 61 Kan. 13, 58 Pac. Rep. 558, while the proceeding was not habeas corpus, yet the question presented was very similar to the one in the instant case. It is said in that case: "Jurisdiction of this court is invoked by the appellants for the reason that they were arrested, tried and convicted in violation of section 15 of the Bill of Rights, which provides * * * and no warrant shall issue but on probable cause supported by oath or affirmation," etc. The prosecutions were had under a city ordinance prescribing penalties for the keeping and sale of intoxicating liquors except for medical, scientific and

mechanical purposes. The original complaints upon which warrants were issued by the police judge for appellant's arrest were sworn to positively and not on information and belief. The appellants sought to introduce testimony showing that the prosecuting witnesses had no personal knowledge of the facts stated in the complaints, for the purpose of proving want of probable cause. Such testimony was not entitled to consideration. The verification being positive in form, the requirements of the Bill of Rights were wholly satisfied. The secret reasons of the prosecuting witnesses for making the complaints could not be inquired into for the purpose of invalidating the warrants. Sufficient probable cause was made to appear to the magistrate for the issuing of the warrants by the charges made and the positive form of verification. A number of Kansas decisions are cited. We have found no case in which an attack has been sustained upon an affidavit charging a specific offense in positive terms, on the ground that the affiant had no knowledge of the facts. While the writ of habeas corpus is a writ of right in the enlarged sense of the term it does not issue of course, but reasonable grounds must exist for awarding it, and if it appears on the face of the petition that the party would only be remanded, the writ should be denied. 24 Cyc. 314.

We find no error in the order of the Circuit Judge denying the writ and said order is therefore affirmed.

TAYLOR and PARKHILL, JJ., concur.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL, JJ., concur in the opinion.