PER CURIAM.
The appellant was petitioner in habeas corpus in the circuit court, where he sought relief from custody under a commitment by a justice of the peace on which he was-being held on a charge of statutory rape following a preliminary hearing. This appeal is from the order of the circuit judge denying habeas corpus and for remand,, which was as follows:
“This cause coming on to be heard on the Petition, the Writ, and the informal return of the Respondent, and the Court, having received in evidence certain documents hereinafter mentioned, and heard argument of counsel, is of the opinion that the detention of the Petitioner by the Respondent is lawful.
“It appears that on the 14th day of May, 1963, one Charles Horovitz made an affidavit on the usual printed form provided therefor before the Honorable Ruth L. Sutton, Justice of the Peace for the Third District of Dade County, Florida, alleging that David Bernstein in the said Justice of the Peace district and on or about the 15th day of May, 1962, did then and there:
“ ‘ * * * unlawfully in and upon the body of one, Diane Susan Horo-vitz with force and arms did unlawfully carnally know and have carnally intercourse with her the said Diane Susan Horovitz, she the said Diane Susan Horovitz being then and there an unmarried female of previous chaste character under the age of 18 years,’
Upon this affidavit Judge Sutton issued her warrant on the same date. The warrant except for the formal wording is in the exact words of the affidavit. It was made known to the Court that because the said David Bernstein had left the State of Florida *477 and was living with his parents in the State of Virginia an Application was made to the Governor of Florida and by him a Demand made on the Governor of Virginia for the extradition of David Bernstein. This fact developed when Petitioner offered in evidence a copy of an affidavit made by Charles Morris Horovitz before Peace Justice Ruth L. Sutton on the 20th day of June, 1963, and a copy of the aforesaid warrant which appeared to have been issued by the said Judge Sutton on the 20th day of June, 1963. The Court finds that the said affidavit of June 20, 1963, was made to accompany the Application for extradition and had nothing to do with the issuance of the original warrant, and that the copy of the warrant dated the 20th day of June, 1963, is not a new warrant but was intended only as a copy of the warrant issued on the 14th day of May, 1963, and by mistake the date of 20th day of June, 1963, was inserted therein and represented the date of the certification rather than the date of issuance.
“In his Petition for the Writ and his argument before the Court Petitioner’s counsel contends that the affidavit for warrant made before Judge Sutton on the 14th day of May, 1963, did not confer jurisdiction on Judge Sutton to issue the warrant because the affiant Charles Horovitz did not have actual knowledge of the commission of the crime and therefore the warrant was void and ineffective to authorize the arrest and detention of the named defendant, Petitioner here. The Court cannot accept this contention. The Court finds that the affidavit of May 14,1963, effectually and substantially charges a violation of the law, F.S. Section 794.05, F.S.A., that the Justice of the Peace Ruth L. Sutton had the jurisdiction and was authorized upon such affidavit to issue the warrant, which she did issue on the 14th day of May 1963, that a commitment hearing was had before the Peace Justice on this warrant on the 22nd day of July, 1964, and .thereupon Judge Sutton issued her commitment reciting that there was probable cause to believe that the said David Bernstein was guilty of the offense charged against him and that bail having been fixed at $2500.00, he failed and refused to make such bond and thereupon was committed to the County jail until he should find security or be discharged by due course of law. The said affidavit of May 14, 1963, and the warrant issued on such date, together with the said commitment, were introduced in evidence and leave given by the Court to substitute for the originals photocopies thereof and withdraw the originals for return to the Office of the Justice of the Peace for the Third District of Dade County.
“Thereupon the Court finds and adjudges on the’ authority of Lee vs. Van Pelt, Sheriff [57 Fla. 94] 48 So. 632, that it cannot in habeas corpus go behind the affidavit of May 14, 1963, and hear evidence or entertain an attack on the said affidavit on the ground that the affiant did not have actual knowledge of the commission of the crime. It follows that, and it is
“Considered, Ordered and Adjudged that the Petitioner, David Bernstein, be, and he hereby is, remanded into the custody of the Respondent to be dealt with according to law, and it is further
“Ordered and Adjudged that the Writ of Habeas Corpus be, and it hereby is, quashed, provided, however, that the Petitioner may be released on his giving good and sufficient bond with adequate security in the amount of Fifteen Hundred Dollars ($1500.00) which the Court, each counsel consenting, finds to be adequate, and it is further
“Ordered and Adjudged that the Petition be, and it hereby is, dismissed."
*478 In the foregoing opinion and judgment the able circuit judge sufficiently stated the facts and correctly disposed of the questions of law involved. We see no need to add thereto, and accordingly affirm the order appealed.
Affirmed.