172 So.2d 896 (1965)
Nellie KITCHENS et al., Appellants,
v.
John DOE, Richard Roe and Thomas Doe, holding themselves out as constituting the International Ladies' Garment Workers' Union, Local 415, AFL-CIO, James Belluso, individually and as acting manager and/or secretary and/or treasurer of Miami Joint Council, International Ladies' Garment Workers' Union, AFL-CIO, and/or business agent and organizer of Local 415, and Harry Metz, individually, as business agent and/or organizer of the International Ladies' Garment Workers' Union, and Local 415 thereof, all unincorporated voluntary associations, Appellees.
No. 64-523.
District Court of Appeal of Florida. Third District.
March 16, 1965.
Rehearing Denied April 6, 1965.
Marchant, Perkins, Cook & Schenerlein, Miami, for appellants.
Kaplan & Shapiro, Miami Beach, for appellees.
Before BARKDULL, C.J., and TILLMAN PEARSON and HENDRY, JJ.
HENDRY, Judge.
The plaintiffs appeal from the summary final judgment granted to the defendant by the trial court.
The plaintiffs are most of the employees of Scherer & Sons, Inc., a Miami manufacturer of belts, buttons and accessories in the garment industry.[1] Defendants are various officials of Local 415 of the International Ladies' Garment Workers' Union.
The salient paragraph of the complaint charged the union with picketing the plaintiff's employer for the purpose of coercing them to join the union, which would be in violation of their rights under the Declaration of Rights to the Constitution of the State of Florida, Section 12, F.S.A., popularly known as the "right to work" law. In other words, the basis of the complaint was that the activity of the labor union was directed toward establishing a union-security agreement wherein the union would represent these plaintiffs, who had no desire to join the union. At the time of the filing of the complaint, a temporary injunction was granted which prohibited the union from picketing.
Both parties moved for a summary judgment, and the trial court granted defendant-union's motion for summary judgment *897 as well as dissolving the temporary injunction against picketing.
The appellant asserts error on the part of the trial court in granting the defendant's motion based on the assumption that the trial court had no jurisdiction to act in this instance. The trial court evidently based its decision on the conclusion that this activity came within the proscription of the Taft-Hartley Act (29 U.S.C.), and therefore preempted the state court from consideration of the matter.
Appellant urges that this proposition is erroneous and cites in support thereof the Florida Supreme Court case of Scherer & Sons, Inc. v. International Ladies' Garment Wkrs. Union, Fla. 1962, 142 So.2d 290, wherein the court said:
"Such compulsive pressures would then squarely present the Florida `right to work' issue. Certainly, if this situation could be supported by evidence upon a remand, then the Taft-Hartley recognition of permissible state concern in the enforcement of its right-to-work provisions would support state action. In the area of protecting state policy under right-to-work provisions the Congress has expressly ceded initial jurisdiction to the states." 142 So.2d at 295.
This decision by the Florida Supreme Court was based upon 29 U.S.C.A. § 164 (b) which provides:
"(b) Nothing in this subchapter shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization as a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law."
This section, which is popularly known as § 14(b) of the Taft-Hartley Act has been subsequently passed upon by the U.S. Supreme Court on the question of state-federal jurisdiction in this area.
In Retail Clerks Intern. Ass'n, etc. v. Schermerhorn, 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179 (1963), the Supreme Court was determining the question of "`whether the Florida courts, rather than solely the National Labor Relations Board, are tribunals with jurisdiction to enforce the State's prohibition' against an `agency shop' clause in a collective bargaining agreement."[2] The Court clearly set out the area of the respective authorities, when Mr. Justice Douglas wrote:
"On the other hand, picketing in order to get an employer to execute an agreement to hire all-union labor in violation of a state union-security statute lies exclusively in the federal domain, [citations omitted] because state power, recognized by § 14(b), begins only with actual negotiation and execution of the type of agreement described by § 14(b). Absent such an agreement, conduct arguably an unfair labor practice would be a matter for the National Labor Relations Board under Garmon."[3] 375 U.S. at 105, 84 S.Ct. at 223.
In applying the law of the land as promulgated by the U.S. Supreme Court in Schermerhorn, supra, to the facts of the instant case, we reach the result that the trial court correctly granted the defendant's motion for summary judgment.
In the Schermerhorn case the U.S. Supreme Court affirmed the Florida Supreme Court's ruling that the state court had authority where the agreement had already been executed or negotiated. In the present case, there was no agreement in existence nor was there any negotiation in regard thereto, it was simply an attempt to get the employer to execute a union-security *898 agreement, and such activity was specifically reserved to the N.L.R.B. by the language of the Schermerhorn case. In Schermerhorn there was such an agreement already in existence and here there was simply an attempt to procure one. Therefore, the activity here involved was solely within the jurisdiction of the N.L.R.B., and the trial court correctly ruled.
The first district case of Hescom, Inc. v. Stalvey, Fla.App. 1963, 155 So.2d 3, decided on substantially similar facts to this one, must be deemed overruled by the later Schermerhorn case which reached a different result and specifically said that such activity was within the sole jurisdiction of the N.L.R.B.
In view of the above, the judgment appealed is affirmed.
Affirmed.
NOTES
[1] All of these employees are non-union.
[2] 375 U.S. at 97, 84 S.Ct. at 219.
[3] San Diego Bldg. Trades Council, etc. v. Garmon, 359 U.S. 236, 79 S.Ct. 773, 3 L.Ed.2d 775 (1959).