ROBERTS, Justice
(dissenting):
On direct appeal we here review a decision by the District Court of Appeal, Third District, affirming a judgment of the lower court which had dismissed a suit by the *259 plaintiff-employees who were seeking protection for their right to work without joining a union, under Section 12, Declaration of Rights, Florida Constitution, popularly referred to as the “Florida Right to Work Law”.
The factual background, history and disposition are clearly set forth in the opinion by the District Court reported at 172 So.2d 896, and it would serve no useful purpose to repeat them here.
We have jurisdiction because the District Court of Appeal initially construed a controlling provision of the Constitution of Florida. Compare Harrell’s Candy Kitchen, Inc. v. Sarasota-Manatee Airport Authority, Fla., 111 So.2d 439.
The District Court held that the exclusive jurisdiction over the subject controversy had been reserved to the National Labor Relations Board citing Retail Clerks Intern. Ass’n, etc. v. Schermerhorn, 375 U.S. 96, 84 S.Ct. 219, 11 L.Ed.2d 179, and lifted from that opinion the following language of Mr. Justice Douglas:
“On the other hand, picketing in order to get an employer to execute an agreement to hire all-union labor in violation of a state union-security statute lies exclusively in the federal domain [citations omitted] because state power, recognized hy § 14(b), begins only with actual negotiation and execution of the type of agreement described by § 14(b). Absent such an agreement, conduct arguably an unfair labor practice would be a matter for the National Labor Relations Board under Garmon.” 375 U.S. at 105, 84 S.Ct. at 223.
In Hescom, Inc. v. Stalvey, Fla.App.1963, 155 So.2d 3, the District Court of Appeal, First District, had announced a ruling on comparable facts that the non-union employees would be entitled to protection in the Florida courts, under our Right to Work Law. The District Court of Appeal, Third District, in its opinion here under review, held the Hescom case to be overruled by the Schermerhorn case.
Section 14(b) of the Taft-Hartley Act, appearing as 29 U.S.C.A. § 164(b), provides :
“Nothing in this subchapter shall be construed as authorizing the execution or application of agreements requiring membership in a labor organization ás a condition of employment in any State or Territory in which such execution or application is prohibited by State or Territorial law.”
The language above quoted by Mr. Justice Douglas and which was only a small part of the dictum in the Schermerhorn case, when read out of context with the entire opinion, might appear to support the ruling by the Third District Court in this case, but frankness compels me to say that I fail to see any logic in the contended pronouncement that there is a difference as to the forum for the enforcement of the Florida Right to Work Law, depending upon whether or not the non-union laborers are working with an agreement. In fact, I fail to glean from the record satisfactory evidence as to whether the non-union employees do or do not have an employment agreement.
Section 12, Declaration of Rights, Florida Constitution, provides inter alia that:
“ * * * The right of persons to work shall not be denied or abridged on account of membership or nonmembership in any labor union, or labor organization ; provided, that this clause shall not be construed to deny or abridge the right of employees by and through a labor organization or labor union to bargain collectively with their employer.”
I have again read and considered the entire text of the Schermerhorn case, and it is my view that the above quoted language by Mr. Justice Douglas was not necessary to a decision of the matter pending before the Supreme Court of the United States and *260 was merely a side thought — “on the other hand” etc.' — -and amounted to obiter dicta and as such is not binding on this court.
In the Schermerhorn case the Supreme Court of the United States said:
“As already noted, under § 8(a) (3) a union-security agreement is permissible, for example, if the union represents the employees as provided in § 9(a) (subject to rescission of the authority to make the agreement as provided in § 8(a) (3)). Those are federal standards entrusted by Congress to the Labor Board. Yet even if the union-security agreement clears all federal hurdles, the States by reason of § 14(b) have the final say and may outlaw it. There is thus conflict between state and federal lazv; but it is a conflict sanctioned by Congress with directions to give the right of way to state laws barring the execution and enforcement of union-security agreements. It is argued that if there is a violation of a state union-security law authorized by § 14(b), it is a federal unfair labor practice and that the federal remedy is the exclusive one. It is urged that that course is necessary if uniformity is to be achieved. But § 14(b) gives the States power to outlaw even a union-security agreement that passes muster by federal standards. Where Congress gives state policy that degree of overriding authority, we are reluctant to conclude that it is nonetheless enforceable by the federal agency in Washington.” (Italics supplied.)
A contrary view or the view announced by the District Court of Appeal, Third District, would render sterile the Right to Work Law in Florida and would result in an odd situation where, by the decision of the United States Supreme Court and an Act of Congress, Florida has the right to have a Right to Work Law, but would not have the jurisdiction to protect persons claiming the right to work thereunder.
For the reasons stated I would quash the decision of the District Court of Appeal, Third District, with instructions to return the cause to the trial court with directions to proceed in a manner not inconsistent with this opinion.
I therefore respectfully dissent.