Theodore FOSTER, Petitioner,

v.

John GILBERT, Constable for Justice of Peace Court, First District, Dade County, Florida, Richard Gerstein, State Attorney for the Eleventh Judicial Circuit of Florida in and for Dade County, Florida, Eli Schutzer, individually and as Business Agent for Local Union 198, General Sales Drivers and Allied Employees, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, and Herman Oscar Gonzalez, Respondents.

Civ. No. 66–1381.

United States District Court
S. D. Florida.

Jan. 6, 1967.

**210**

Hilery F. Silverman and Joseph Perkins, Miami, Fla., for petitioner.

Lawrence I. Hollander, Miami Beach, Fla., for respondents Eli Schutzer and Herman Oscar Gonzalez.

Roy S. Wood, Asst. State Atty., Miami, Fla., for respondents John Gilbert as Constable and Richard E. Gerstein, State's Atty.

Rose Mary Filipowicz, Regional Atty., N. L. R. B., Region 12, and James L. Jeffers, Asst. Regional Atty., N. L. R. B., Region 12, Miami, Fla., for remaining respondents who were dismissed from the case.

### ORDER GRANTING WRIT OF HABEAS CORPUS

MEHRTENS, District Judge.

Petitioner filed with this Court his application for a writ of habeas corpus. It is alleged that petitioner was arrested pursuant to an affidavit and warrant which identically charged that the petitioner did on July 19, 1966:

"Agree, conspire, combine or confederate with Joseph Foster and Beatrice Foster, to commit a misdemeanor, to-wit: to coerce and/or intimidate your affiant, an employee of said defendant in the enjoyment of his legal rights, including those guaranteed in Chapter 447.02, Florida Statutes 1965, and more particularly affiant's right to join or assist a labor organization, the foregoing being a misdemeanor as provided in

Chapters 447.09 and 447.14, Florida Statutes, 1965."

After arrest, petitioner was released in the custody of his attorney by order of the Justice of the Peace.

Thereafter a motion to quash was filed on behalf of petitioner and his co-defendants asserting lack of probable cause on the face of the affidavit to support issuance of a warrant, and further that the Justice of the Peace had no jurisdiction under the doctrine of federal preemption.

A substantive charge had been filed against one of the co-defendants, Joseph Foster, alleging that he coerced or intimidated the affiant Gonzalez. The motion was granted under the preemption doctrine as to the substantive charge but was denied as to the conspiracy charges against all of the defendants, including the petitioner.

Thereafter the Justice of the Peace took testimony, found that probable cause existed, and bound the defendants, including the petitioner, over to the Criminal Court of Record. The Justice of the Peace again ordered that the petitioner remain within the custody of his attorney.

■■ Under 28 U.S.C.A. § 2254 state court remedies must first be exhausted. The Florida Statutes and common law do not provide for appeal or writ of error from a finding of probable cause by a Justice of the Peace Court. Once a determination is made by a Justice of the Peace, that phase of the prosecution is concluded, and no appeal or writ of error lies from his commitment. McLeod v. Chase, 95 Fla. 736, 116 So. 858 (1928).

In Sullivan v. State, 49 So.2d 794 (Fla. 1951), the Supreme Court of Florida concluded that habeas corpus proceedings may be utilized to review evidence adduced before a committing magistrate to determine whether probable cause exists when a person is held solely under process issuing from such magistrate since the existence of probable cause is a *sine qua non* to the validity of the magistrate's commitment and is essential to the magistrate's jurisdiction to make the commitment.

That court in Jefferson v. Sweat, 76 So.2d 494 (Fla.1954), stated that habeas corpus lies for determining whether or not probable cause exists to restrain one of his liberty and cause him to be tried at some indefinite time in the future on the question of his guilt or innocence. Further, that in such proceedings the court may examine the sufficiency of the complaint to charge a criminal offense, and may consider the evidence adduced before the Justice of the Peace to determine whether there is substantial legal evidence of the ultimate facts essential to be proven at the trial to convict the accused of the offense charged.

■■ Under the state practice, however, there is a limitation which prevents a state court from considering an essential constitutional question. The fact that the affiant had no personal knowledge of the matters set forth in the affidavit cannot be questioned by any proceedings in the state courts. Lee v. Van Pelt, 57 Fla. 94, 48 So. 632 (1909); State ex rel. Bernstein v. Buchanan, 172 So.2d 476 (Fla.App.1965); Buchanan v. State, 167 So.2d 43 (Fla.App.1964). And where a party is confined in jail under a commitment issued upon an affidavit charging an offense in positive terms, he may not challenge the affidavit as insufficient to show probable cause. Lee v. Van Pelt, supra; Buchanan v. State, supra.

■ The prerequisite to relief by habeas corpus in a federal court that state remedies be exhausted has been satisfied in the present case. The petitioner is not required to pursue state remedies since the issue which he raises has been settled by the Florida Supreme Court adversely to his contentions. Reed v. Beto, 343 F.2d 723 (5th Cir. 1965); Hayes v. Boslow, 336 F.2d 31 (4th Cir. 1964); Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964).

■ It is argued that the petitioner, having been released from arrest in the custody of his attorney, is no longer en-

titled to the benefit of the writ of habeas corpus, and this appears to be the general rule. Stallings v. Splain, 253 U.S. 339, 40 S.Ct. 537, 64 L.Ed. 940 (1920); Johnson v. Hoy, 227 U.S. 245, 33 S.Ct. 240, 57 L.Ed. 497 (1913); Baker v. Grice, 169 U.S. 284, 18 S.Ct. 323, 42 L.Ed. 748 (1898).

However, in Jones v. Cunningham, 371 U.S. 236, 83 S.Ct. 373, 9 L.Ed.2d 285 (1963), the Supreme Court pointed out that the habeas corpus jurisdictional statute implements the constitutional command that writs of habeas corpus be made available. While limiting its availability to those "in custody," the statute does not attempt to mark the boundaries of "custody," nor in any way other than by the use of that word attempt to limit the situations in which the writ can be used. There the court held that a state prisoner who had been placed on parole was "in custody" within the meaning of 28 U.S.C. § 2241.

As stated in *Jones*, history, usage and precedent leave no doubt that besides physical imprisonment there are other restraints on a man's liberty, restraints not shared by the public generally, which are sufficient to support the issuance of habeas corpus. The writ has never been a static, narrow, formalistic remedy. Its scope has grown to achieve its purpose, that is, the protection of individuals against erosion of their right to be free from wrongful restraints upon their liberty.

While petitioner has been released in the custody of his attorney, and such release frees him from immediate physical imprisonment, it imposes conditions which significantly confine and restrain his freedom. This is enough to constitute "custody."

Even were I to hold that the petition must fail because the petitioner is not physically imprisoned, this is merely a technical defense which would no longer be available to respondents if petitioner's attorney surrendered him to the authorities, whereupon undoubtedly petitioner would file a second petition.

In Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933), a warrant was issued upon the sworn allegation that the affiant had cause to suspect and believed that certain merchandise was in a specified location. The Supreme Court, noting that the affidavit was merely on suspicion and belief without any statement of adequate supporting facts, announced that under the Fourth Amendment an officer may not properly issue a search warrant to search a private dwelling unless he can find probable cause therefor from facts or circumstances presented to him under oath or affirmation. Mere affirmance of belief or suspicion is not enough.

The deficiencies in the application here involved are strikingly illustrated when compared with the affidavit which the affiant filed before the National Labor Relations Board which specifically charges that on certain dates the petitioner and others threatened affiant that if he and other employees joined the Union the employer's plant would be closed; that if they joined the Union they could no longer work for the employer; that on a certain date the employer did discharge the affiant and others because of their Union activity for the purpose of interfering with his rights and discriminating against him because of his membership in the Union. Here specific names, dates and events are alleged rather than a mere general conclusion.

The court in Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958), applied this rule to an affidavit similar to that relied upon here, holding that the commissioner had to judge for himself the persuasiveness of the facts relied upon by a complaining officer to show probable cause. He should not accept without question the complainant's mere conclusion that the person whose arrest is sought has committed a crime. Further, that the complaint was defective because it contained no affirmative allegation that the affiant spoke with a personal knowledge of the matters contained therein; it did not indicate any sources for the complainant's

belief; and it did not set forth any other sufficient basis upon which a finding of probable cause could be made. The court held that in the absence of an indictment or information the issue of probable cause had to be determined by the commissioner and that an adequate basis for such a finding had to appear on the face of the complaint.

In Aquilar v. State of Texas, 378 U.S. 108, [84 S.Ct. 1509, 12 L.Ed.2d 723] (1964), the Supreme Court, in following *Nathanson* and *Giordenello,* held that a state search warrant based upon a affidavit should not have been issued because the affidavit did not provide a sufficient basis for a finding of probable cause inasmuch as the affidavit not only "contains no affirmative allegation that the affiant spoke with personal knowledge of the matters contained therein," but it did not even contain an affirmative allegation that affiant's source "spoke with personal knowledge."

The Fourth Amendment to the Federal Constitution has been construed to require that affidavits for the issuance of search and arrest warrants must state sufficient facts to permit an impartial commissioner or issuing magistrate to determine whether probable cause exists. Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697 (1960); Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503 (1958); Nathanson v. United States, 290 U.S. 41, 54 S.Ct. 11, 78 L.Ed. 159 (1933). This is true whether the prosecution be a state or federal one.

The Court is of the opinion that the affidavit upon which the warrant was issued is insufficient to enable the Justice of the Peace to find the probable cause prerequisite to the issuance of a warrant under the Fourth Amendment. The affidavit and the warrant are in conclusionary terms taken from the language of the Florida statute. Even if such conclusionary terms constituted a statement of fact, the statements therein do not contain sufficient facts to enable a Justice of the Peace to find probable cause. Accordingly, the Court holds that the war-rant issued was defective because the sworn affidavit supporting its issuance failed to meet the requirements of the Fourth Amendment in that it did not set forth sufficient facts to permit a finding by an impartial Justice of the Peace that probable cause existed for the issuance of the warrant.

In reviewing the validity of a search warrant or an arrest warrant, this Court is limited to a consideration of the same information that was brought to the magistrate's attention. Lopez v. United States, U.S.C.A. 5, December 6, 1966, 370 F.2d 8, and cases cited. Unlike the cited cases, however, this Court's attention has not been called to any of the matters brought to the Justice of the Peace's attention other than the affidavit upon which he could have found probable cause. There is therefore nothing in this record which could be considered together with the matters set forth in the affidavit, and the affidavit must stand or fall by itself. It is only reasonable to assume that had there been any such matters, the respondents would have called them to the Court's attention in their answers or at the hearing.

The petitioner also argues that when Congress enacted the Labor Management Relations Act of 1947 (29 U.S.C.A. § 141 et seq.), the United States preempted the field of unfair labor practice and that a state court has no jurisdiction to initially consider such a matter. Further, that since the Justice of the Peace recognized the preemption doctrine when he dismissed a substantive charge against a co-defendant, the state court lacked jurisdiction to try a conspiracy to commit that substantive offense.

Whether the activities which the state purports to regulate or punish are arguably unfair labor practices should be determined by the state courts. See Cunningham v. Skiriotes, 101 F.2d 635 (5th Cir. 1939).

The Florida courts have consistently recognized the preemption doctrine. Scherer & Sons, Inc. v. International Ladies' Garment Workers' Union,

142 So.2d 290 (Fla.1962); Kitchens v. Doe, 172 So.2d 896 (Fla.App.1965). There is no reason to believe that they will ignore petitioner's argument that the acts which he allegedly committed are also preempted from state consideration if and when presented.

It is therefore considered, ordered and adjudged that the charges in the above matter be and the same hereby are quashed and dismissed, and that the petitioner be and he hereby is discharged from any further custody.