424 So.2d 937 (1983)
Thomas GRANGER, Appellant,
v.
FLORIDA STATE PRISON and Bill Price, Appellees.
No. AJ-232.
District Court of Appeal of Florida, First District.
January 5, 1983.
Thomas Granger, pro se.
Jim Smith, Atty. Gen., and Harry F. Chiles, Asst. Atty. Gen., for appellees.
SHIVERS, Judge.
Granger appeals the summary dismissal of his petition for a writ of habeas corpus. We reverse and remand.
While a prisoner at the Union Correctional Institution at Raiford, Granger was charged with the crime of battery on a law enforcement officer. As a result of this charge, he was transferred to the Florida State Prison where he was placed in close management confinement. Close management confinement is a subcategory of administrative confinement which is found only at Florida State Prison and which is reserved for inmates who present security risks. The placement of prisoners in close management confinement is authorized by section 33-3.081, Fla. Admin. Code (1981). *938 After Granger was placed in close management confinement, he filed a petition for writ of habeas corpus, alleging that the procedure by which he was transferred to close management confinement violated his right to due process of law. More specifically, Granger argued that his due process rights were violated by the State's failure to grant him a pre- or post-close management hearing as well as by the State's failure to advise him of the reasons why he was placed in close management confinement. The trial court denied Granger's petition without conducting an evidentiary hearing, citing Despres v. Strickland, 408 So.2d 1092 (Fla. 1981), as authority.
On appeal, Granger contends that his petition for a writ of habeas corpus was sufficient to state a ground upon which relief could have been granted and that, therefore, the trial court erred in summarily dismissing the petition. The State contends that since the constitutionality of the procedure used in placing prisoners in close management confinement has already been upheld by the Florida Supreme Court in Depres, supra, the trial court did not commit error by dismissing Granger's petition without conducting an evidentiary hearing.
We first note that Despres cannot be cited as authority to support the denial of Granger's petition. In Despres, the Florida Supreme Court denied the petitioner's request for a writ of habeas corpus without issuing a written order or opinion. For this reason, Despres cannot be properly cited as authority for the proposition that section 33-3.081, Fla. Admin. Code, is constitutional.
The above notwithstanding, even assuming that section 33-3.081, Fla. Admin. Code, is constitutional, we believe that the trial court erred by summarily dismissing his petition. Section 33-3.081(5)(a), Fla. Admin. Code, provides that:
Any inmate placed in administrative confinement shall be given a hearing before the Senior Correctional Officer or the Classification Team... . The hearing shall be documented on a Report of Administrative Confinement, Form DC4-813. The inmate may present any facts or arguments relevant to his placement on administrative confinement.
Granger challenges not only the constitutionality of this section, he also challenges the State's compliance with it. Specifically, Granger contends that he was denied his right to an administrative hearing pursuant to section 33-3.081(5)(a), Fla. Admin. Code, concerning his placement on close management confinement. In Bagley v. Brierton, 362 So.2d 1048 (Fla.1st DCA 1978), this court held that the summary dismissal of a petition for writ of habeas corpus would be reversed and the matter remanded where the prisoner made specific allegations which, if true, would establish that the Department of Corrections failed to comply with its own rules and due process requirements in a disciplinary proceeding. By alleging that he has been denied the right to a due process hearing as provided by section 33-3.081, Fla. Admin. Code, we believe that Granger has made a specific allegation which, if true, would establish that the State failed to comply with its own rules and requirements. On this basis, we reverse the trial court's denial of Granger's petition for writ of habeas corpus without conducting an evidentiary hearing.
In reaching this conclusion, we reject the State's contention that the denial of Granger's petition should be affirmed on the ground that he has failed to assert a sufficient liberty interest. While it is true that due process attaches only to those rights created by the State, it cannot be said that the State has not created a liberty interest in being free from arbitrary transfers from the general prison population to administrative segregation. See Parker v. Cook, 642 F.2d 865 (5th Cir.1981); and section 33-3.081, Fla. Admin. Code.
REVERSED and REMANDED.
ROBERT P. SMITH, Jr., J., and THOMPSON, J., concur.