473 So.2d 49 (1985)
Carl GRIGGS, Appellant,
v.
Louie L. WAINWRIGHT, Appellee.
No. BC-310.
District Court of Appeal of Florida, First District.
August 1, 1985.
Carl Griggs, pro se., for appellant.
Jim Smith, Atty. Gen. and Kenneth McLaughlin, Asst. Atty. Gen., Tallahassee, for appellee.
WIGGINTON, Judge.
Appellant filed a petition for writ of habeas corpus, alleging that there was insufficient information to place him in close management confinement, and that, although he was accorded a hearing, he had no opportunity to present a defense, thus being denied due process and equal protection of the laws. The trial court denied the petition on the basis that it did not appear appellant had exhausted his administrative remedies. We affirm the trial court's denial of appellant's petition for writ of habeas corpus.
Prior to seeking extraordinary relief by way of habeas corpus, a petitioner challenging his administrative confinement status must first exhaust his administrative *50 remedies by way of rule 33-3.07, Florida Administrative Code, the Department of Corrections' inmate grievance procedure. Williams v. Wainwright, 428 So.2d 725 (Fla. 1st DCA 1983).[1] This affirmance is without prejudice to appellant's right to exhaust available administrative remedies.
BOOTH, C.J., and BARFIELD, J., concur.
NOTES
[1] Appellant relies in part on this Court's decision in Granger v. Florida State Prison, 424 So.2d 937 (Fla. 1st DCA 1983). Although in Granger, we reversed a trial court's summary dismissal of the petition for writ of habeas corpus since there were specific allegations which, if true, would establish that the State failed to comply with its own rules and requirements, it does not appear that in that case the issue of exhaustion of administrative remedies was ever raised.