MILLS, Judge.
Roesch appeals from the denial of his petition for a writ of habeas corpus without an evidentiary hearing. Roesch contends he established a prima facie showing of procedural error in violation of the Department of Correction Rules. We affirm in part and reverse in part.
Roesch raises various challenges to six disciplinary reports received during his confinement at Polk Correctional Institution. These challenges range from alleged violations of procedural provisions of the Department of Corrections’ Inmate Discipline Rules to claims that the charges were “ludicrous” or filed as a result of bias. All disciplinary reports resulted in his placement in disciplinary confinement and/or the loss of gain time.
This Court has repeatedly recognized that while lawful incarceration carries with it the circumspection or loss of many significant rights, an inmate may challenge the Department of Corrections’ compliance with its own rules and with the procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). Bagley v. Brierton, 362 So.2d 1048 (Fla. 1st DCA 1978). However, this Court’s review function is limited to a determination of the procedural propriety of the challenged disciplinary proceedings.
With this predicate in mind, we have analyzed the rules involved and the record below and conclude that Roesch has not met his burden of establishing a prima facie case of procedural error by prison officials, with one exception. The error shown entails the disciplinary reports of 2 and 3 April 1984 and, specifically, Roesch’s allegation that it was error to conduct the hearing on these reports at the institution where he had been transferred, rather than *1264 the charging institution. Rule 33-22.11(2) provides:
(b) If it becomes necessary to transfer an inmate who is awaiting disciplinary action, the team hearing should be held prior to transfer.
1. Exceptions to this may be only in extreme circumstances such as strikes or disturbances involving many inmates where the situation dictates immediate transfer before the disciplinary hearings can be held. A memorandum explaining the circumstances precluding the scheduling of the hearing will be sent with the inmate at the time of the transfer. In such cases, the disciplinary hearing is the responsibility of the sending institution and will be held within a reasonable period of time. The sending institution will complete the Disciplinary Report, Section 1, Charges, and Section III, Report of Investigation, and forward it to the receiving institution. The receiving institution will complete Section II, Delivery of Charge — Notice. Section IV, Committee Action, will be completed by the sending institution after the hearing.
2. If an inmate undergoing disciplinary action is transferred to another institution, such disciplinary action may be continued under the administration of the receiving institution.
Roesch’s transfer took place on 5 April 1984, however, the record is devoid of any information which would indicate the circumstances of this transfer. Further, there was no memorandum, as required, explaining the reasons for departure from this rule.
Accordingly, we must reverse and remand for a hearing as to the procedural adequacy of these two disciplinary proceedings.
We affirm the trial court’s ruling on the reports of 9 February, 10 February, 11 February and 16 March 1984. We reverse and remand for an evidentiary hearing on the reports of 3 and 4 April 1984.
BOOTH, C.J., and JOANOS, J., concur.