ZEHMER, Judge.
Appellant appeals the summary denial of his petition for writ of habeas corpus. For *730 the reasons stated below, we reverse and remand to the trial court with instructions to hold an evidentiary hearing on the petition.
Leonard Bean, an. inmate in administrative confinement at Florida State Prison, alleged in his petition that he was denied notice of his confinement-status reclassification hearing and the opportunity to be present at the hearing and give testimony. While an inmate has no federal due process right to a hearing prior to his transfer to administrative confinement or segregation, the individual states may provide such procedural rights. Should a state accord these rights, then the inmate is entitled to notice of the charges against him and an opportunity to present his views to a reviewing board. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983).
In Granger v. Florida State Prison, 424 So.2d 937 (Fla. 1st DCA 1983), this court held that Florida recognizes an inmate’s liberty interest in being free from arbitrary transfers from the general prison population to administrative segregation. Florida Administrative Code Rule 33-3.083(4)(a) (1983), provides in relevant part:
Any inmate placed in close management shall be given a hearing before the Senior Correctional Officer or the Close Management Review Team, which may be the Classification Team or another group of three to five qualified staff members appointed by the Superintendent. ... The inmate may present any facts or arguments relevant to his placement in close management. [Emphasis added.]
Appellee argued that use of the word “may” in the above rule is permissive and means that prison officials may, in their unfettered discretion, deny an inmate the right to present his views at a hearing. Thus, appellee argues, appellant has been denied no right. This argument is ridiculous. The rule extends a privilege to the inmate to appear and be heard, and the sentence is worded to accomplish that purpose. Clearly, the word “shall” could not have been used because an inmate cannot be compelled to present his own testimony.
REVERSED and REMANDED.
ERVIN and WENTWORTH, JJ., concur.