NIMMONS, Judge.
This is an appeal from a denial of the appellant’s petition for writ of habeas corpus. We reverse.
Appellant, an inmate at Florida State Prison, makes the following allegations in his petition for writ of habeas corpus which was summarily denied without an eviden-tiary hearing. He was placed in segregated confinement for possession of a weapon. While on segregated confinement, he received a notice from the Close Management Team[1] indicating that “classification status will be reviewed by the close management team with the following status change recommended: CM/I due to possession of a weapon on July 22, 1984.” After review, appellant was not placed on Close Management Status, but returned to the general prison population. A few days later, he was found guilty of disciplinary violation for cursing a guard. After notice and a hearing, he was again placed in segregated confinement. While in this confinement, he received the following notice:
Your classification status will be ... reviewed by the Close Management Assignment Team, with the following status change recommended ...: Assignment To Close Management I Status.
A hearing was held after which the Close Management Team determined that based on thirteen disciplinary reporte being filed within the last twenty-six months and because of appellant’s assaultive nature, he would be placed on close management status. Appellant filed an administrative grievance which was denied and filed the instant habeas petition.
Although an inmate has no constitutional due process right to notice and a hearing before his confinement status is changed, such right may be created by state law. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). In Florida, Rule 33-3.0083(4)(a), Florida Administrative Code (1986), entitles the inmate to notice of the charges against him and an opportunity to be heard prior to being placed on Close Management Status. See Bean v. Dugger, 475 So.2d 729 (Fla. 1st DCA 1985). In the present case, the only notice apparent from the petition and attachments does not provide any indication of the charges against appellant. Rather, it merely states that his status will be reviewed with a recommendation that he be placed on Close Management Status. Cf. Kelly v. Nix, 329 N.W.2d 287 (Iowa 1983) (in which the notice, although bare-bones, did inform the inmate of the charges against him). We therefore remand the cause for the writ to issue and for an evidentiary hearing to be held to determine whether the allegations of the appellant are true. If the notice alleged in the petition is all that appellant received, then there has been a failure to afford the prisoner the due process required by Florida law.
The order denying writ of habeas corpus is REVERSED and this cause is REMAND *393 ED for further proceedings consistent with this opinion.
SHIVERS and THOMPSON, JJ., concur.

. The Close Management Team evaluates inmates with disciplinary problems to determine whether they should be segregated from the general prison population and given special highly-managed status. Rule 33-3.0083, Florida Adminstrative Code.