SHIVERS, Judge.
Appellant, Richard Seccia, appeals from the trial court’s denial of his petition for habeas corpus.
This appeal concerns the issues of whether the Parole and Probation Commission’s failure to give Seccia a hearing within ten days from the date of his arrest for committing a felony while on probation requires that his charges of lewd and lascivious assault on a child be dismissed, and whether Seccia was improperly put into segregated confinement. We reverse and remand.
The facts preceding the revocation of Seccia’s parole are as follows. On May 11, 1981, police arrested Seccia for molesting a young girl. Seccia was on parole at the time of his arrest, one of the conditions of which was that he remain at liberty and refrain from committing unlawful acts. On May 19, 1982, Seccia received a judgment of acquittal as to his charge of lewd and lascivious assault on a child, which is a felony. On May 3, 1983, the Parole Commission held a final hearing which resulted in Seccia having his parole revoked. The Commission noted in its Revocation of Parole that it had heard testimony from the victim and had concluded Seccia had violated a condition of his parole by failing to live at liberty without violating the law.
On September 5, 1986, Seccia petitioned for a writ of habeas corpus in the Circuit Court of Bradford County. Seccia raised several issues in his petition, the most significant of which was that he had been imprisoned illegally because he was not given a parole revocation hearing within ten days after his parole was automatically revoked due to a subsequent felony arrest. Seccia alleged in his petition that because his parole was revoked for commission of a felony, section 949.11, Florida Statutes (1979), applied to his circumstances. Section 949.11 provides that any person whose parole is revoked for a subsequent felony arrest is entitled to a hearing within ten (10) days from the date of the arrest. Another one of the allegations in Seccia’s petition was that he had been improperly put into administrative confinement. The trial court entered an order denying Seccia’s petition for habeas corpus on September 12, 1986. Seccia filed a motion for rehearing on September 17, 1986, which was similarly denied. From the order denying Sec-cia’s motion for rehearing, Seccia appeals.
Seccia’s allegations that he was improperly put into administrative confinement are not properly before this court because Seccia failed to exhaust his administrative remedies. See Griggs v. Wainwright, 473 So.2d 49 (Fla.lst DCA 1985) (prior to seeking extraordinary relief by way of habeas corpus, prisoner challenging his administrative confinement status must first exhaust his administrative remedies).
As to Seccia’s second contention, we find that an issue of fact remains as to whether Seccia indeed was given a hearing within the ten-day period required by Miller v. Toles, 442 So.2d 177 (Fla.1983). The record reveals that the State alleged in its response to the trial court’s order to show cause why Seccia’s writ of habeas corpus should not be issued that it had afforded Seccia the opportunity to have his preliminary hearing, but that he chose to delay the hearing until such time as he could discuss the matter with his attorney. As matters stand, we have no way of determining for certain whether Seccia was given such an opportunity and whether, assuming he was, he waived it by failing to proceed with the hearing at the time it was offered. We stress that nothing said in this opinion should be construed as a commentary on our view as to the merits of Seccia’s argument. Accordingly, we remand for further proceedings.
REMANDED.
THOMPSON and NIMMONS, JJ., concur.