539 So.2d 10 (1989)
Tyrone RAHMING, Appellant,
v.
T.H. BIGHAM, Appellee.
No. 88-1714.
District Court of Appeal of Florida, First District.
February 28, 1989.
Tyrone Rahming, pro. per.
Erin Lydia McLaughlin, Asst. Atty. Gen., Tallahassee, for appellee.
THOMPSON, Judge.
Rahming appeals the summary dismissal of his petition for a writ of habeas corpus. He contends that his petition did state a claim upon which relief should be granted and that the court erred in entering an order of dismissal without holding an evidentiary hearing. We agree and reverse.
Rahming, an inmate in Florida State Prison, has been in administrative confinement for more than one year. He alleges that he was not given a hearing prior to being placed in administrative confinement, and he also alleged that prison officials violated his due process rights after he was transferred to administrative confinement by failing to provide him with a hearing to determine whether he should be returned to the open prison population.
Fla. Admin. Code Rule 33-3.10081(6)(a) provides "the classification team will review inmates in administrative confinement every week for the first two months and at least every 30 days thereafter." The goal of the classification team is to return the inmate to the open prison population as soon as it can be done safely. In this case we have no record to review. We do not know whether Rahming's confinement was reviewed according to administrative code requirements or whether the review, if given, satisfied due process.
In Bagley v. Brierton, 362 So.2d 1048 (Fla. 1st DCA 1978), this court held that a summary dismissal of a petition for writ of habeas corpus must be reversed and the matter remanded where the prisoner made specific allegations which, if true, would establish that the Department of Corrections failed to comply with its own rules and due process requirements in a disciplinary matter.
On remand the trial court should grant an evidentiary hearing and first decide whether Rahming has exhausted his administrative remedies. Then, the court should decide whether prison officials violated his United States and Florida constitutional due process rights by failing to provide a hearing prior to placing Rahming in administrative *11 confinement. Finally, the court should determine whether the process provided by the state while Rahming was in confinement met due process and, if so, whether that process was followed. If the process does not meet due process requirements or the process was not followed, then Rahming's due process rights have been violated and he is entitled to relief.
REVERSED and REMANDED with instructions for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.