552 So.2d 946 (1989)
Allen BOCHARSKI, Petitioner,
v.
The CIRCUIT COURT of the SECOND JUDICIAL CIRCUIT, in and for LEON COUNTY, Florida, Respondent.
No. 89-2105.
District Court of Appeal of Florida, First District.
November 8, 1989.
Allen Bocharski, pro se.
Denise Mendez Smith, Tallahassee, for respondent.
PER CURIAM.
Petitioner seeks a writ of mandamus to compel the Second Judicial Circuit Court to issue an order on petitioner's pending writ of habeas corpus. Petitioner filed his petition for writ of habeas corpus in the Seventh Judicial Circuit and it was transferred to the Second Judicial Circuit on July 25, 1988. Since that time, the petition for writ of habeas corpus has been pending without action.
Respondent states that petitioner has not submitted a properly executed affidavit of insolvency to the clerk of the circuit court. Respondent argues that the affidavit is mandatory in order to waive filing fees. The Constitution of the State of Florida requires the clerk to receive, docket and deliver to the assigned judge all petitions for writs of habeas corpus without any delay and at no cost to petitioner or anyone. Article I, section 13, Florida Constitution, reads:
Habeas corpus.  The writ of habeas corpus shall be grantable of right, freely and without cost. It shall be returnable without delay, and shall never be suspended unless, in case of rebellion or invasion, suspension is essential to the public safety.
A petitioner is not required to either pay a filing fee or submit an oath of indigency before his petition for writ of habeas corpus will be processed. Bradley v. Sturgis, 541 So.2d 766 (Fla. 5th DCA 1989).
The petition for writ of mandamus is granted. The clerk of the circuit court is directed to deliver to the assigned judge the petition for writ of habeas corpus without any further delay at no cost to petitioner.
Writ issued.
SHIVERS, C.J., and WENTWORTH and WIGGINTON, JJ., concur.