579 So.2d 346 (1991)
William VAN POYCK, Appellant,
v.
Richard L. DUGGER, Secretary, Florida Department of Corrections; Tom L. Barton, Superintendent, Florida State Prison; A.D. Thornton, Colonel, Florida State Prison; L.E. Turner, Assistant Superintendent, Florida State Prison; and L.R. Johnson, Major, Florida State Prison, Appellees.
No. 90-1072.
District Court of Appeal of Florida, First District.
May 14, 1991.
*347 William Van Poyck, pro se.
Robert A. Butterworth, Atty. Gen., Joe Belitzky, Asst. Atty. Gen., for appellees.
PER CURIAM.
Van Poyck, a prisoner in the state corrections system, appeals from the summary denial of his petition for writ of habeas corpus on the ground that his petition was facially insufficient. We reverse and remand for an evidentiary hearing.
Appellant's petition claimed that the conditions of his incarceration amount to cruel and unusual punishment under the Eighth Amendment of the United States Constitution. Essentially, appellant's sworn petition describes in some detail severe conditions which have continued unabated over a protracted period of time, including the withholding of adequate ventilation from his virtually airtight cell, which is sealed off for a period of 12-15 hours per day resulting in a room temperature exceeding 100 degrees Fahrenheit.[1]
Appellant describes in some detail the ventilating system which is available for use by the prison officials in appellant's wing. However, he alleges that the officers simply refuse, except on rare occasions, to turn on either the blowers or the exhaust fans. Without the ventilation system operating, appellant claims that his cell becomes very hot and stuffy with no movement of the "rank, stale, fetid air" which is heavy with tobacco smoke from other areas. Because prison officials insist on closing and locking his outer steel door each evening, appellant says that his cell turns into a virtual sweat box or sauna. Over a period of time, in addition to the general, extreme discomfort, he claims to have suffered aggravating symptoms of physical pain, headaches, dizziness, shortness of breath, and skin and scalp irritations.
Appellant claims that the abuse he has been subjected to is a deliberate and calculated effort to punish him for killing a correctional officer (see footnote one, supra) because four members of the deceased victim's family are employees at the Florida State Prison.
The habeas petition avers that he has had no disciplinary report filed against him or engaged in any breach of prison regulations that might justify his being treated more severely than other inmates in his category.
Appellant's petition describes numerous efforts on his part to rectify the above situation administratively. The lower court's order summarily denying the habeas petition cannot be affirmed on the basis of any failure to exhaust administrative remedies because it is not apparent from the petition that there has been any such failure. Indeed, it would appear that available administrative remedies have been exhausted.
As stated in Sheley v. Dugger, 833 F.2d 1420, 1428 (11th Cir.1987):
The Eighth Amendment prescribes [sic] punishment that shocks the conscience, offends society's evolving notions of decency or is grossly disproportionate to the offense. Hutto v. Finney, 437 U.S. 678, 685, 98 S.Ct. 2565, 2570-71, 57 L.Ed.2d 522 (1978). It also forbids inflictions of pain which are "`totally without penological justification.'" *348 Rhodes v. Chapman, 452 U.S. 337, 346, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981).
Assuming, as we must for purposes of appellate review of the subject order, that the allegations of the appellant's habeas petition are true, we find that the trial court erred in summarily dismissing appellant's petition for failure to state grounds for relief. See Bagley v. Brierton, 362 So.2d 1048 (Fla. 1st DCA 1978).
Accordingly, we reverse and remand for proceedings consistent with this opinion.
SMITH, NIMMONS and ZEHMER, JJ., concur.
NOTES
[1] Van Poyck is a death penalty inmate at the Florida State Prison in Union County. The offense for which he is incarcerated involved his killing of a correctional officer in West Palm Beach when Van Poyck attempted to free an inmate from a prison van. At the time, Van Poyck was not a prisoner in a correctional facility.