ALLEN, Judge.
The appellant prisoner challenges the lower court’s summary denial of his petition for a writ of habeas corpus. We find that the appellant presented claims which were facially sufficient to preclude the summary denial of his petition.
The appellant is an inmate at the Florida State Prison under a death sentence for the murder of a correctional officer. This offense occurred in an attempt to free an inmate from a prison transport van, at a time when the appellant was not a prison inmate. In his habeas petition the appellant alleged that, rather than being placed in the regular death row wing, he is being held in a “high security cell” on 24-hour “lockdown” status. Describing this as a “quasi-disciplinary confinement” which is being imposed even though he has violated no prison rules or regulations, the appellant alleged that he is the only inmate in Florida who has ever been held in such confinement on an indefinite basis due solely to the circumstances of an offense committed outside the prison. Suggesting that other inmates who murdered law enforcement officers have not been “singled out” for such status, the appellant alleged that four members of the victim’s family are employed at the prison and that the family is influential with high ranking corrections officials. The appellant asserted that his confinement status is the result of a conspiracy motivated by personal vindictiveness and a desire for revenge, rather than legitimate security concerns.
This court recently required an evidentiary hearing in a case involving another habeas petition in which the appellant challenged certain conditions of his confinement. See Van Poyck v. Dugger, 579 So.2d 346 (Fla. 1st DCA 1991). As in that case, the record now before us indicates that the appellant has repeatedly sought administrative recourse, and does not reflect any failure to exhaust an available administrative remedy. The appellant has been advised that his confinement status is an “administrative function” resulting from security concerns due to the circumstances of his offense. However, his habe-as petition presents an assertion that he is being “singled out” to appease the personal vindictiveness of corrections officials and prison employees. The appellant has a protected liberty interest in not being arbitrarily removed from the general prison population. See Granger v. Florida State Prison, 424 So.2d 937 (Fla. 1st DCA 1983); Sheley v. Dugger, 833 F.2d 1420 (11th Cir. 1987). Administrative segregation may not be used in a pretextual manner so as to circumvent an inmate’s due process rights. Sheley; see also, Hewitt v. Helms, 459 U.S. 460, fn. 9, 103 S.Ct. 864, fn. 9, 74 L.Ed.2d 675 (1983).
The appellant also alleged that his confinement status results in various restrictions, including the denial of “all outdoor exercise/yard rights.” Sheley establishes that an extended period of confinement which severely restricts an inmate’s ability to exercise may require consideration as to whether the inmate’s health is unduly affected. Numerous federal cases in addition to Sheley have recognized that an extreme restriction or denial of outdoor exercise may become so detrimental to an inmate’s health as to violate the constitutional protection against cruel and unusual punishment. See e.g., Davenport v. DeRobertis, 844 F.2d 1310 (7th Cir.), cert. denied 488 U.S. 908, 109 S.Ct. 260, 102 L.Ed.2d 248 (1988); Ruiz v. Estelle, 679 F.2d 1115 (5th Cir.1982), cert. denied 460 U.S. 1042, 103 S.Ct. 1438, 75 L.Ed.2d 795 (1983). As She-ley cautions, this constitutional protection forbids the infliction of pain without peno-logical justification, and precludes punishment which “shocks the conscience, offends society’s evolving notions of decency or is grossly disproportionate to the offense.”
While there may be a legitimate pe-nological justification for the appellant’s confinement status, this is a factual issue *110 which precludes the summary denial of the appellant’s habeas petition. The appellant has made factual allegations which might establish a violation of the constitutional right to due process, or the protection against cruel and unusual punishment. The petition is facially sufficient as to these claims, and we therefore reverse the summary denial of the habeas petition and remand the cause for further proceedings.
WIGGINTON and WOLF, JJ., concur.