592 So.2d 1235 (1992)
Robert ROY, Appellant,
v.
Richard L. DUGGER, Appellee.
No. 91-1527.
District Court of Appeal of Florida, First District.
January 31, 1992.
Robert Roy, pro se.
No appearance for appellee.
PER CURIAM.
Robert Roy has appealed an order of the trial court summarily denying his petition for writ of habeas corpus. We reverse, and remand for further proceedings.
In April 1991, Roy filed with the trial court the instant petition for writ of habeas corpus. The petition described the use, at the Florida State Prison at Starke, of a confinement status classified as "close management" (CM). Roy alleges that, as *1236 used by the prison, CM is cruel and unusual punishment and a denial of due process and equal protection.
Specifically, he contends that the prison uses the status as a disciplinary measure in lieu of disciplinary confinement, in that CM status can be imposed without the procedures required for disciplinary confinement. He further alleges that inmates can be classified CM without notice or hearing, and kept there indefinitely without recourse (he states that he himself has been so confined since April 1986). Finally, Roy alleges that inmates in CM are deprived of adequate ventilation in their cells, denied outdoor exercise or granted it on a small, fenced concrete pad devoid of recreational equipment, and have their canteen, library, postal and other inmate privileges severely restricted.
The trial court summarily denied the petition as failing to state a cause of action. Roy argues on appeal that in Boudreaux v. Dugger, 579 So.2d 918 (Fla. 1st DCA 1991) and Van Poyck v. Dugger, 579 So.2d 346 (Fla. 1st DCA 1991), this court reversed summary denials of virtually identical petitions, and remanded for further proceedings. The state has filed no answer.
In Van Poyck, a death row inmate filed a petition alleging that his confinement was cruel and unusual punishment based, among other things, on the deliberate restriction of ventilation to his cell. This court held that, "assuming, as we must for purposes of appellate review of the subject order, that the allegations of the appellant's habeas petition are true, ... the trial court erred in summarily dismissing appellant's petition for failure to state grounds for relief." Van Poyck at 348.
In Boudreaux, the opinion does not describe the petition in detail, but states that it alleged constitutional violations in the manner the inmate was placed in "special" confinement, and in his living conditions. The court found that "appellant has made specific allegations which, if true, might establish that the Department of Corrections has failed to comply with due process requirements. Therefore, summary dismissal of his petition without even the holding of an evidentiary hearing was error." Boudreaux at 918.
Roy alleges that his petition was virtually identical, save for information specific to him, to the petitions filed in Van Poyck and Boudreaux. The state does not dispute this. Based on the case authority cited by Roy and unrefuted by the state, we reverse the summary denial of the petition herein, and remand for further proceedings.
JOANOS, C.J., and BOOTH, J., concur.
KAHN, J., specially concurs with opinion.
KAHN, Judge, specially concurring.
I agree to the remand for further proceedings, but only because of the specific allegations contained in paragraph 14 of Mr. Roy's petition for habeas corpus. This paragraph alleges detailed factual matters concerning the lack of adequate ventilation in those cells designated as close management, the impossibility for inmates in such cells to contact guards in cases of emergency, and makes specific allegations concerning the physical effects on Mr. Roy and others caused by high temperatures and lack of ventilation. I am unimpressed by Mr. Roy's allegations that inmates in close management endure certain restrictions as to television and radio privileges, hot plates, hobby crafts, exercise facilities, visitation rights, telephone use, canteen privileges and the like. An interesting component of Mr. Roy's complaint is that prisoners on close management status have, in some instances, fewer amenities than prisoners on death row. I find this argument similarly unimpressive.