ALLEN, Judge.
Michael Seibert, an inmate at Lake Correctional Institution, appeals the denial of his petition for writ of mandamus. He contends that his petition contains specific allegations regarding his disciplinary hearing which, if true, establish that the Department of Corrections failed to comply with its own rules and the procedural requirements of Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974). The appellant asserts as error the trial court’s denial of his petition without conducting an evidentiary hearing. After review of his several claims, we conclude that the trial court’s summary disposition of one of his claims was error. We therefore remand for further proceedings on that claim and affirm the court’s order denying the petition in all other respects.
The appellant was charged with disobeying a verbal order and, after a disciplinary *1084 hearing, he was found guilty and sentenced to thirty days in disciplinary confinement. The disciplinary team’s disposition of the charge notes, “The inmate was not given credit for time served in [administrative confinement].” Present at the hearing were the three members of the disciplinary team and “CPO II J. Holman.” In his petition, the appellant alleged that Holman’s presence at the hearing violated Rule 33-22.006(2)(h), Florida Administrative Code, which provides:
During team deliberations, only the team, employees being trained, and others when the facility administrator or Correctional Probation Administrator has determined will not disrupt and will benefit by observing the proceedings, shall be present in the hearing room, [sic] The team shall discuss the case, deciding upon the findings of fact supported by the evidence and upon the recommendations to be made.
The appellant alleged further that even if Holman’s presence at the hearing were authorized by this rule, Holman improperly participated in the hearing when he told the members of the disciplinary team, “[M]ake sure that you put in that he doesn’t get credit for time served in AC/confinement.”
The appellees contend that Holman’s presence at the hearing did not violate the rule because he was there to train team member Pahaly. Their supporting documents reflect that Holman was present “for observational purposes only” and team member Pahaly served as team chairman “in the absence of the assigned CPOI.” These notations do not conclusively establish that Holman’s presence at the hearing was authorized by the rule. We also reject the appellees’ argument that even if Holman’s presence were improper, the appellant could not have been prejudiced thereby. Rule 33-22.008(2)(b)10 indicates that the disciplinary team has discretion to award an inmate credit toward his disciplinary confinement term for any time served in administrative confinement. The rule provides in pertinent part, “If an inmate has been placed in administrative confinement pending a disciplinary hearing and is subsequently placed in disciplinary confinement, the Disciplinary Team should take that time into consideration in determining the number of days of recommended disciplinary confinement.”
In Bagley v. Brierton, 362 So.2d 1048, 1049 (Fla. 1st DCA 1978), we held that dismissal of a petition for writ of habeas corpus without a hearing is error when the prisoner makes specific allegations which, if true, would establish that the Department of Corrections has failed to comply with its own rules.[1] The rule has been repeatedly followed. See Moore v. Wain-wrigkt, 366 So.2d 183, 184 (Fla. 1st DCA 1979); Granger v. Florida State Prison, 424 So.2d 937, 938 (Fla. 1st DCA 1983); Roesch v. Wainwright, 474 So.2d 1263 (Fla. 1st DCA 1985); Rahming v. Bigham, 539 So.2d 10 (Fla. 1st DCA 1989) and Taylor v. Barton, 556 So.2d 415 (Fla. 1st DCA 1989). Applying it herein, we find error in the court’s summary denial of the appellant’s claim that Holman’s presence and/or participation at his disciplinary hearing violated Rule 33-22.006(2)(h). Accordingly, we reverse the trial court’s denial of that claim and remand for further proceedings. The court’s denial of the appellant’s remaining claims is affirmed.
ERVIN and SMITH, JJ., concur.

. Mindful of the appellant’s pro se status, we have construed his petition for writ of mandamus as a petition for writ of habeas corpus. Cf. In Re M.N., 556 So.2d 510 (Fla. 4th DCA 1990) and Waldrup v. Dugger, 562 So.2d 687, 693 (Fla.1990).