599 So.2d 770 (1992)
Phillip E. GUESS, Jr., Appellant,
v.
Tom BARTON, et al., Appellees.
No. 91-2674.
District Court of Appeal of Florida, First District.
June 5, 1992.
Phillip E. Guess, Jr., appellant, pro se.
No appearance by the State.
*771 WOLF, Judge.
Guess has appealed an order summarily denying his petition for writ of habeas corpus. We reverse and remand for further proceedings.
The focus of the habeas petition in the instant case is the appellant's treatment in prison. He alleges, inter alia, that he has been abused by prison officials; kept on "c/m" confinement (close management) continuously ("I have spent virtually two and a half years in solitary confinement"); unjustly denied conveniences and privileges such as daily showers, exercise, TV, books, family visits; denied medical and dental care; and illegally denied gain time. The appellant's petition also alleges that he believes he is in danger and has been denied protection, and that he has attempted to file grievances, but his "grievance attempts were then [sic] retaliated."
In the instant case, the summary denial of appellant's petition for habeas corpus was based on the trial court's finding that "the petition does not on its face show a cause of action upon which relief may be granted."
For purposes of appellate review, we must assume that the allegations of the appellant's habeas petition are true. See Van Poyck v. Dugger, 579 So.2d 346 (Fla. 1st DCA 1991). Recently, in Roy v. Dugger, 592 So.2d 1235 (Fla. 1st DCA 1992), where a prison inmate petitioned for writ of habeas corpus, alleging that the prison's use of "close management" confinement was cruel and unusual punishment and a denial of due process and equal protection, this court reversed the summary denial of the lower court on the grounds that if the inmate's allegations were true, they could establish that the department had failed to comply with due process requirements.
We reverse the summary denial of the petition herein and remand for further proceedings.
SHIVERS and MINER, JJ., concur.