613 So.2d 571 (1993)
David Lee MOORE, Appellant,
v.
Richard L. DUGGER, et al., Appellees.
No. 91-2615.
District Court of Appeal of Florida, First District.
February 8, 1993.
David Lee Moore, pro se.
*572 No appearance, for appellees.
ZEHMER, Judge.
David Lee Moore, a prisoner in the state corrections system, appeals an order summarily denying his petition for writ of habeas corpus on the ground that the petition was facially insufficient to show a cause of action upon which relief could be granted. We affirm.
Moore alleged in his petition that Florida state prison officials violated his constitutional due process rights by reclassifying his confinement status from the general prison population to the most restrictive confinement without notice or a hearing. Moore further alleged that the officials subjected him to cruel and unusual punishment in violation of the Eighth Amendment by, inter alia, placing him for an hour in a 2- by 2-foot holding cage, and then placing him for 16 days in an "involuntary behavior modification cell" that had a pool of water on the floor, trash and human waste standing in the stopped-up toilet, and no lights. While these allegations were sufficient to state a cause of action, Guess v. Barton, 599 So.2d 770 (Fla. 1st DCA 1992); Roy v. Dugger, 592 So.2d 1235 (Fla. 1st DCA 1992); Van Poyck v. Dugger, 579 So.2d 346 (Fla. 1st DCA 1991); Rahming v. Bigham, 539 So.2d 10 (Fla. 1st DCA 1989), Moore's petition was facially insufficient in that it failed to allege that he had exhausted all available administrative remedies, Polk v. Crockett, 379 So.2d 369 (Fla. 1st DCA 1980); Taylor v. Wainwright, 418 So.2d 1095 (Fla. 5th DCA 1982).
AFFIRMED.
ALLEN and WEBSTER, JJ., concur.