STEVENSON, J.
Jack Sherrill Bentley timely seeks review of a circuit court order denying his petition for writ of habeas corpus.[1] He argues that the trial court did not properly credit him with gain-time. We hold that he has shown entitlement to certiorari relief and grant the petition in part.
Bentley was convicted in Case No. CR84-2680 of armed robbery and possession of a firearm in the commission of a felony, and in Case No. CR84-2682 of armed robbery, with all offenses having been committed in 1984. He was later sentenced and resentenced to consecutive terms of twenty-seven years imprisonment with a combined six-year minimum mandatory term.
On October 5, 1999, Bentley filed an emergency petition for writ of habeas corpus in which he argued several theories as to why he should be immediately released. These theories included that he was entitled to additional gain-time based upon the settlement in Raines v. Florida, 983 F.Supp. 1362 (N.D.Fla.1997), that he was entitled to incentive gain-time under section 944.275(4)(b), Florida Statutes (1999), and that he was entitled to emergency gain-time from January 1991 through December 1994. He subsequently filed another petition seeking emergency gain-time credits that were in effect on the date of his offenses. The trial court denied both petitions. Petitioner sought extraordinary relief here, and this court issued an order to show cause.
Prisoners’ Disabled Class Action Settlement Agreement
We write to address only one issue raised by Bentley, and that concerns his entitlement to gain-time credits under Raines v. Florida, 987 F.Supp. 1416 (N.D.Fla.1997). Bentley, who is disabled due to having a compressed spine, argues that under Raines, he was entitled to gain-time credits as a result of his disability. Raines approved a settlement which effected a number of major changes in the process by which incentive gain-time is to be awarded in the Florida prison system. It established regulatory criteria by which certain inmates with disabilities could earn the full amount of incentive gain-time available if their failure to fulfill the normal requirements for this gain-time was due to their disabilities, and provided for retroactive awards of gain-time for certain subclasses of inmates. See id. at 1419. Under the settlement, gain-time was com *432 puted via a formula. See id. at 1423. Bentley fell within this class of inmates, for he averred that he was entitled to earn the full amount of gain-time because he was given a job which he could not perform due to his impairments, and was not awarded the full amount of gain-time because of his deficient job performance. See Raines v. Florida, 983 F.Supp. 1362, 1366 (N.D.Fla.1997).
The court denied relief on this ground based solely on its finding that Bentley did not provide proof that he first exhausted all administrative remedies, a condition precedent to receiving such relief. See, e.g., Griggs v. Wainwright, 473 So.2d 49, 49-50 (Fla. 1st DCA 1985). However, and as the state concedes, Bentley 'exhausted these remedies and, as such, the trial court departed from the essential requirements of law in ruling that he did not.
We deny the petition on all other grounds raised without comment.
PETITION GRANTED AND ORDER QUASHED IN ACCORDANCE WITH THIS OPINION AND CASE REMANDED FOR FURTHER PROCEEDINGS; PETITION DENIED ON ALL OTHER GROUNDS RAISED.
TAYLOR and HAZOURI, JJ„ concur.

. By order of this court, his brief was treated as a petition for writ of certiorari. See Hickman v. Florida Parole Comm’n, 724 So.2d 197 (Fla. 4th DCA 1999)(redesignating appeals from the denials of petitions for writ of habe-as corpus as petitions for writ of certiorari).