PER CURIAM.
 

 By petition for writ of certiorari, Kenneth James Kendrick seeks review of an order of the circuit court which treated his habeas corpus petition as a mandamus petition and denied it on its merits. We have jurisdiction in accordance with
 
 Sheley v. Florida Parole Commission,
 
 720 So.2d 216 (Fla.1998). For the reasons set forth below, we grant the petition in part and deny it in part.
 

 
 *658
 
 Kendrick and another inmate were involved in an altercation. Kendrick received a disciplinary sanction for fighting and shortly thereafter the institutional classification team recommended that he be placed on close management I status. After a hearing, the team so ordered and the state classification officer approved the action. After unsuccessfully exhausting his administrative remedies, Kendrick sought relief by filing a habeas corpus petition in the Circuit Court for Leon County. That court entered an order which determined that mandamus, not ha-beas corpus, was the proper remedy. A filing fee was therefore assessed and a lien imposed on Kendrick’s trust account pursuant to section 57.085(5), Florida Statutes, when it was made to appear that Kendrick was indigent. Kendrick’s motions challenging these decisions were denied and the case proceeded to a determination on the merits. The court found that Kendrick had failed to show entitlement to relief with regard to his placement in close management and the petition was denied.
 

 This Court has consistently held that an inmate who seeks release from close management back into the general prison population is entitled to proceed through a petition for writ of habeas corpus.
 
 See Ashley v. Moore,
 
 732 So.2d 498 (Fla. 1st DCA 1999);
 
 Norris v. Dep’t of Corrections,
 
 721 So.2d 1235 (Fla. 1st DCA 1998);
 
 Taylor v. Perrin,
 
 654 So.2d 1019 (Fla. 1st DCA 1995);
 
 Guess v. Barton,
 
 599 So.2d 770 (Fla. 1st DCA 1992);
 
 Roy v. Dugger,
 
 592 So.2d 1235 (Fla. 1st DCA 1992);
 
 Thompson v. Dugger,
 
 509 So.2d 391 (Fla. 1st DCA 1987);
 
 see also Holland v. State,
 
 791 So.2d 1256 (Fla. 5th DCA 2001). No filing fee may be assessed in a true habeas corpus proceeding.
 
 See
 
 Art. I, § 13, Fla. Const.;
 
 Bocharski v. Circuit Court of Second Judicial Circuit,
 
 552 So.2d 946 (Fla. 1st DCA 1989). The circuit court departed from the essential requirements of law by converting the habe-as corpus petition to mandamus. It should have determined whether it was the proper court to consider the petition for writ of habeas corpus under
 
 Murray v. Regier,
 
 872 So.2d 217 (Fla.2002) and thereafter proceeded to resolve the case on its merits or transfer it. We therefore grant the petition in part and direct that all orders of the circuit court placing a lien on Kendrick’s trust account to recover fees for the circuit court proceeding or for this review proceeding be vacated and any funds taken from his trust account pursuant to a lien issued in this case be refunded to him. We otherwise deny the certio-rari petition, finding no basis to overturn the Department’s placement of Kendrick in close management.
 

 Petition GRANTED in part and DENIED in part.
 

 VAN NORTWICK, PADOVANO, and CLARK, JJ., concur.