BENTON, C.J.
Harold Thomas Jackson seeks mandamus relief to compel the circuit court to accept for filing and consider the merits of his emergency petition for writ of habeas corpus. In the habeas petition, Mr. Jackson alleges that he is entitled to an additional 60 days of gain-time and that, with the benefit of the credit to which he is *615 entitled, he should be released from the custody of the Department of Corrections immediately. The circuit court refused to accept the habeas petition for filing, and sent it back to Mr. Jackson without considering the merits, indicating that the petition could not be filed, even if Mr. Jackson lacked the ability to pay the filing fee, because he had not made adequate application for leave to proceed in circuit court as an indigent.
The primary purpose of a petition for writ of habeas corpus is to test the legality of the petitioner’s detention. Because of the writ’s important office, the Florida Constitution forbids requiring filing fees in proceedings initiated by petition for writ of habeas corpus. See Kendrick v. McNeil, 6 So.3d 657, 658 (Fla. 1st DCA 2009).
The writ of habeas corpus shall be grantable of right, freely and without cost. It shall be returnable without delay, and shall never be suspended unless, in case of rebellion or invasion, suspension is essential to the public safety.
Art. I, § 13, Fla. Const. Even if a filing fee had been owed, moreover, the clerk of court would have been obligated to accept Mr. Jackson’s petition for filing and assign it a case number, despite his failure to tender the filing fee or an affidavit of indigency. See Musmacher v. McDonough, 969 So.2d 1101 (Fla. 1st DCA 2007).
Accordingly, we grant the petition for writ of mandamus and direct the circuit court clerk to accept Mr. Jackson’s petition for writ of habeas corpus for filing so the petition can be acted on by the circuit court. There is some indication that the Department of Corrections has now released him, and did so only four days after it belatedly responded to the order to show cause entered in this case. If his detention has ended, the circuit court may well dismiss the petition for writ of habeas corpus on remand, instead of deciding the merits of the petition, but we leave that decision for the circuit court.
The petition for writ of mandamus is granted.
THOMAS and ROWE, JJ., concur.