NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT


JAMES ARTHUR LEE,                      )
                                       )
          Appellant,                   )
                                       )
v.                                     )          Case No. 2D19-1154
                                       )
STATE OF FLORIDA,                      )
                                       )
          Appellee.                    )
_____)

Opinion filed May 31, 2019.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Hardee County; Donald G. Jacobsen,
Judge.

James Arthur Lee, pro se.


BADALAMENTI, Judge.

          James Arthur Lee filed several documents in the Florida Supreme Court,

which transferred the filings to the Tenth Judicial Circuit Court for Hardee County for

consideration as a petition for writ of habeas corpus.[1]  Lee sought a court order

_____
          [1]A petition for writ of habeas corpus is the appropriate vehicle for
challenging conditions of confinement in state prison.  See, e.g., Van Poyck v. Dugger,
579 So. 2d 346 (Fla. 1st DCA 1991) (addressing inadequate ventilation in a prison

directing officials at Hardee Correctional Institution to provide him with a bland diet. Lee failed to allege that he had exhausted the administrative remedies available to him at the Florida state prison in which he is currently housed. Instead, Lee attached various documents reflecting that a trial court had previously ordered a Miami-Dade county jail to provide him with a bland diet due to gastrointestinal troubles he was experiencing during his trial in April 1999.[2] Lee neglected to provide any information to the trial court indicating that he sought diet-related relief from officials at his current prison and that he exhausted all administrative remedies available to him there. The circuit court dismissed the petition, finding that Lee had failed to demonstrate that he had exhausted administrative remedies.[3]

We affirm the circuit court's order without prejudice to Lee to exhaust any administrative remedies available to him at his current prison with respect to his dietary issues and then, if necessary, to seek review in the circuit court. See, e.g., Moore v. Dugger, 613 So. 2d 571, 572 (Fla. 1st DCA 1993) (ruling that although allegations of problems such as a clogged toilet and no lights in the cell "were sufficient to state a cause of action," the habeas corpus petition in the circuit court "was facially insufficient

_____

facility). Such a petition is to be filed in the circuit court of the county in which the prisoner is detained. See § 79.09, Fla. Stat. (2018).

[2]Lee did not enter into the custody of the Florida Department of Corrections until July 1999.

[3]Lee filed myriad documents in this court attempting to demonstrate that he had exhausted administrative remedies in recent months. However, our review of the record on appeal establishes that these documents were not before the circuit court. As such, we do not consider them in the first instance here. See Ullah v. State, 679 So. 2d 1242, 1244 (Fla. 1st DCA 1996) ("It is elemental that an appellate court may not consider matters outside the record.").

in that it failed to allege that [the petitioner] had exhausted all available administrative remedies").

Affirmed.


NORTHCUTT and SILBERMAN, JJ., Concur.